[No. 2966. Decided May 19, 1898.]

The State of Washington, *on the Relation of German Savings and Loan Society,* v. Leander H. Prather, *Judge,* and The Superior Court of Spokane County.

DUE PROCESS OF LAW — FORCIBLE ENTRY AND DETAINER — WRIT OF RESTITUTION.

Section 5534, Bal. Code, authorizing the plaintiff, upon the institution of an action of forcible entry and detainer or of unlawful detainer, to secure a writ of restitution awarding him the possession of the realty in controversy pending action, upon his giv-

ing bond securing the defendant for costs and damages in case the defendant should recover judgment, is not unconstitutional as being a deprivation of property without due process of law, since the statute goes no further than to provide for the temporary possession of the property pending action.

## Original Application for Mandamus.

*Cyrus Happy*, for relator.

*E. Fitzgerald*, for respondents.

The opinon of the court was delivered by

GORDON, J.—The relator was plaintiff in an action of unlawful detainer pending in the superior court of Spokane county, and in that action applied to the court for a writ of restitution pursuant to the provisions of § 5534, Bal. Code. Upon hearing, the application was denied upon the ground that that section, which is § 10 of the act of 1891 (Session Laws, p. 183), was unconstitutional. Thereupon the relator instituted this proceeding for a peremptory writ of mandate to compel the respondent as judge to grant the motion of plaintiff for an order requiring the clerk of the superior court to issue a writ of restitution and to fix the amount of bond to be given by the plaintiff thereon. The sole question for our determination is whether § 5534, *supra*, is in violation of the constitutional provision that

" No person shall be deprived of life, liberty, or property without due process of law" (Wash. Const., art. 1, § 3), which is substantially the provision of the federal constitution, art. 14, § 1. The section under consideration is as follows:

" The plaintiff, at the time of commencing an action of forcible entry or forcible detainer or unlawful detainer, or at any time afterwards, may apply to the judge of the court in which the action is pending for a writ of restitution restoring to the plaintiff the property in the complaint described, and the judge shall order a writ of res-

titution to issue. The writ shall be issued by the clerk of the superior court in which the action is pending, and be returnable in twenty days after its date; but before any writ shall issue prior to judgment the plaintiff shall execute to the defendant and file in court a bond in such a sum as the court or judge may order, with two or more sureties, to be approved by the clerk, conditioned that the plaintiff will prosecute his action without delay, and will pay all costs that may be adjudged to the defendant, and all damages which he may sustain by reason of the writ of restitution having been issued, should the same be wrongfully sued out."

It is the contention of the respondent that the procedure provided for by this section effects an invasion of personal and property rights, and operates to arbitrarily deprive the citizen of his property without giving him an opportunity to be heard. We think the statute does not deprive defendant of his property, but merely the right to the possession of it—if he fails or neglects to give a bond—pending the suit, and unless the plaintiff prevails in the action a return of the property to the defendant must follow. That the statute does not in express terms require that the bond should so provide in nowise alters the case. It results from a judgment in defendant's favor as fully as if it was specified in the bond. The procedure under this statute is analogous to that in replevin, with this difference in the practical operation of it, that whereas in replevin the property, because of its perishable nature, cannot always be returned, under the statute we are considering the very nature of the property renders it almost certain that it can be, and in both cases the defendant is protected by the bond. We can conceive of no objection to this statute that could not be urged with equal force to the statutory action of claim and delivery, the constitutionality of which, so far as we are aware, has never been

questioned. In either case, if defendant fails to give the forthcoming bond the possession (not title) passes to the plaintiff pending the suit, and, if plaintiff fails upon the trial, the judgment should provide for its return. The most that can be said is that defendant is deprived of the temporary use of his property, upon being secured for any loss or damage that may thereby accrue, and even this he can avoid by giving the bond provided by the statute. We do not think that this procedure entails such hardship upon a defendant as requires us to hold the act unconstitutional. As was said by the court of appeals of New York in *Happy v. Mosher*, 48 N. Y. 313:

"Laws must furnish general rules, and are to be judged by their general effects and tendencies, and not by the particular mischief which, under possible circumstances, they may occasion."

In attachment, the defendant is deprived of the use of his property and the possession of it pending the litigation. In replevin, the defendant is not only deprived of its possession but his adversary is actually put in possession of it pending the litigation. It cannot be successfully maintained that the constitutional provision under consideration distinguishes between real and personal property, and regards the one more sacredly than the other, and there is no more constitutional warrant for depriving one of his personal property than of his real property without due process of law. In proceedings under the arrest and bail act—which obtains in nearly all of the states—the defendant may be arrested and deprived of his liberty pending litigation and in advance of the judgment of any court, unless he gives security to perform the judgment. In the case of stock or cattle distrained damage feasant, it is commonly provided by statute that their possession may be withheld from the owner pending legal proceedings. Nu-

merous other instances might be mentioned in which the owner is temporarily deprived of the possession of his property pending litigation concerning it, but we think it would be going too far to conclude that he is thereby *deprived of his property* within the meaning of the constitutional provision. Sec. 5539, Bal. Code (2 Hill's Code, §561), provides for a jury in cases arising under this act, as in other law actions, and our conclusion is that the section in question does not conflict with the constitution. No adjudications under similar statutes have been called to our attention, but upon principle the conclusion we have reached is sustained in *Happy v. Mosher, supra; Mehlin v. Ice*, 56 Fed. 12; *Randall v. Kehlor*, 60 Me. 37 (11 Am. Rep. 169); *Montana Co. v. St. Louis Min. Co.*, 152 U. S. 160 (14 Sup. Ct. 506).

The writ will issue as prayed.

SCOTT, C. J., and DUNBAR and ANDERS, JJ., concur.