[No. 4802.   Decided December 12, 1903.]

SHAMGAR MORRIS et al., Respondents, v. HEALY LUMBER COMPANY, Appellant.[1]

FORCIBLE ENTRY AND DETAINER—SUMMONS—WHEN RETURNABLE. Bal. Code, § 5532 providing that a summons in forcible entry shall be returnable at a date designated therein, which shall not be less than six nor more than twelve days from its date, the date referred to applies to the date of the service of the summons, and not to the date of its issuance endorsed theron; hence a summons issued February 2, returnable February 18, and served February 9, is sufficient.

APPEARANCE—SPECIAL OR GENERAL.   After the overruling of a motion to quash the service of a summons, an answer filed without any mention of the previous special appearance, is a general appearance in the case, under Bal. Code, § 4886.

FORCIBLE ENTRY AND DETAINER—HOLDING OVER AFTER EXPIRATION OF TERM—EMINENT DOMAIN—PENDENCY OF CONDEMNATION PROCEEDINGS AS A DEFENSE.  In an action for unlawful detainer, a defendant corporation holding over after expiration of a lease can not justify its possession, or ask a suspension of the judgment, by setting up the institution of proceedings for the appropriation of the land which are still pending, and by the offer to give security until the same is determined.

SAME—NOTICE TO QUIT.  In forcible entry and detainer, where the answer does not deny that a lease for a definite term had expired, notice to quit is not required under Bal. Code, § 5527.

SAME—DUE PROCESS OF LAW.  The forcible entry and detainer act does not violate the fourteenth amendment to the constitution of the United States, prohibiting the states from depriving a person of property without due process of law.

PLEADINGS—MOTION FOR JUDGMENT.  Where the complaint is sufficient and the answer contains no legal defense, judgment on the pleadings is properly entered for the plaintiff.

Appeal from a judgment of the superior court for King county, Griffin, J., entered April 11, 1903, upon granting plaintiffs' motion for judgment on the pleadings. Affirmed.

[1]Reported in 74 Pac. 662.

*Preston, Carr & Gilman,* and *Hoyt & Haight,* for appellant. (1) A subsequent general appearance does not waive the objection to the jurisdiction made on the motion to quash. *Woodbury v. Henningsen,* 11 Wash. 12, 39 Pac. 243. A summons to appear at a later day than that permitted by Bal. Code, § 5532, is void. 20 Enc. Plead. & Prac. 1161; *Hisler v. Carr,* 34 Cal. 645; *Rattan v. Stone,* 4 Ill. (3 Scam.) 540; *Youngs v. Youngs,* 130 Ill. 230, 22 N. E. 806, 17 Am. St. 313; *Ohio, etc. R. Co. v. Hanna,* 16 Ind. 391; *Fuller v. Indianapolis etc. R. Co.,* 18 Ind. 91; *Pantall v. Dickey,* 123 Pa. St. 431, 16 Atl. 789; *Haws v. Clark,* 37 Iowa 356; *Leigh v. Alpaugh,* 24 N. J. L. 629; *Fernekes v. Case,* 75 Iowa 152, 39 N. W. 238. The same is true if the return is sooner than allowed by statute. *Manville v. Smelting Co.,* 17 Fed. 126; *Sanders v. Rains,* 10 Mo. 771; *Crowell v. Galloway,* 3 Neb. 218; *Hunsacker v. Coffin,* 2 Ore. 109; *Butler v. Lowry,* 3 Vt. 14.

(2) The defendant is entitled to possession during condemnation proceedings. The rule in courts of law is to suspend the entry of judgment in an ejectment case until the condemnation proceedings are disposed of. *Owen v. St. Paul etc. R. Co.* 12 Wash. 313, 41 Pac. 44; *Conger v. Burlington etc. R. Co.,* 41 Iowa 419; *Allegheny Valley R. Co. v. Colwell* (Pa.), 15 Atl. 927; *Jacksonville etc. R. Co. v. Adams,* 28 Fla. 631, 10 South. 465; *Pittsburg etc. R. Co. v. Jones,* 59 Pa. St. 433; *Ritchie v. Kansas etc. R. Co.* 55 Kan. 36, 39 Pac. 718; *Illinois Cent. R. Co. v. Le Blanc,* 74 Miss. 650, 21 South. 760. And in equity, an injunction is denied or suspended until the condemnation suit is tried out. *Colby v. Spokane,* 12 Wash. 690, 694, 42 Pac. 112; *Patton v. Olympia etc. Co.,* 15 Wash. 210, 46 Pac. 237; *Harrington v. St. Paul etc. R. Co.,* 17 Minn. 215; *Jacquelin v. Manhattan R. Co.,* 29 N. Y. Supp. 1113;

*Willamette Iron Works v. Oregon R. & Nav. Co.,* 26 Ore. 224, 37 Pac. 1016.

(3)   The fact that defendant's possession was lawful under the condemnation proceedings entitled it to notice to quit.   *Smith v. Chicago etc. R. Co.,* 67 Ill. 191.

(4)   The arbitrary nature of the forcible entry act has been commented on in holding that it did not violate the state constitution.   *State ex rel. German etc. Soc. v. Prather,* 19 Wash. 336, 53 Pac. 344, 67 Am. St. 729.   Its provisions for restitution before judgment (§§ 5534–5) violate the federal constitution.   *Ash v. Cummings,* 50 N. H. 591; *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220.

*Walter S. Fulton* and *Vince H. Faben,* for respondents.

DUNBAR, J.—This is an action under the forcible entry and detainer statute for the restitution of certain lands claimed by the plaintiffs to be unlawfully withheld from them by the defendant.   Defendant moved to quash on the ground of the invalidity of the writ; its motion was denied and defendant excepted.

The defendant, for answer to the complaint, denied portions of the complaint, and alleged the existence of a lease of the premises in question, under the provisions of which lease the defendant was entitled to possession until the 23d of January, 1903.   The answer further alleged, that the defendant was engaged in a general logging and lumbering business, including the clearing out and improving of rivers and streams for the driving, holding, and delivering of logs and other timber products thereon, and engaged in said business on and in the vicinity of the land described in the complaint; that all the conditions of the lease on the part of the defendant to be performed had

been performed by the defendant; that defendant had constructed skid roads, rollways and dams, watercourses and watergates, houses for its employees, machinery, and all the equipment of an efficient logging plant and camp for the removal of timber, purchased by defendant of plaintiffs, several hundred thousand feet of which timber was still standing; that, until shortly prior to the commencement of the action, defendant expected to arrange with plaintiffs on terms mutually satisfactory for the use of that portion of the lands and waters occupied by said logging plant that was situated within the area described in the complaint; that, finding that no such arrangement could be made, the defendant, on the 22d day of January, 1903, commenced an action in the superior court of King county against said plaintiffs for the condemnation of said lands and waters and rights, under the act approved March 14, 1899, entitled, "An act providing for condemnation of right of way for logging purposes and for conveying timber products and declaring an emergency." The answer further set forth a copy of the complaint filed by the defendant, the Healy Lumber Company, as plaintiff in the condemnation suit; and further alleged, that the lands and waters occupied by this logging plant were necessary to the removal of the timber aforementioned; that the eviction of the defendant from said area during the pendency of the condemnation proceedings would necessitate the removal of the logging camp and the destruction of a large part thereof, and would put the defendant to great expense; and that the defendant was willing and ready to compensate plaintiff fully for the use of said lands and for the value thereof; and that defendant tendered to the plaintiffs such security as to the court might seem just, for the payment of all damages for the use of said land sought to

be condemned, and for the value of the same, as determined in said condemnation proceedings. The reply denied the averments of the answer except as to the existence of the lease and the condemnation action. The plaintiffs moved for judgment on the pleadings, which motion was granted by the court over the objection of defendant.

The appellant's first contention is, that the court erred in overruling appellant's motion to quash the summons; that the original summons was dated the 2d day of February, 1903, and was made returnable on Wednesday, the 18th day of February, 1903; that, under the provisions of § 5532, Bal. Code—that upon filing the complaint a summons must be issued thereon returnable at a date designated therein, which shall not be less than six nor more than twelve days from its date—the summons in this case was insufficient to give the court jurisdiction.

The summons has indorsed upon it the date mark of February 2, 1903, and it is true that the statute requires that the summons shall be returnable at a date designated therein, which shall not be more than twelve nor less than six days from the date of the summons; but this summons was served on the 9th day of February, 1903, requiring the appellant to appear on the 18th day of February, which was a period, as may be seen, not less than six nor more than twelve days from this date. We think a reasonable construction of this statute is that the date referred to is the date of the service upon the defendant, and that the requirement which the law concerns itself about is the requirement that the time for answering, which is imposed upon the defendant, shall not be more than twelve nor less than six days from the time when he receives the notice. There is no requirement of the statute in relation to a date being indorsed upon the summons. The essential thing is

the date of the service, and we think it would be entirely too technical to hold that the appellant did not receive the notice in this case which is required by statute, and that he did not receive the protection in relation to time which the statute accords him.

In addition to this, an answer was filed several days after the motion to quash was overruled, in which no mention is made of a special appearance, and § 4886, Bal. Code, provides that a defendant appears in an action when he answers, demurs, makes an application for an order therein, or gives a plaintiff written notice of his appearance. After appearance defendant is entitled to notice of all subsequent proceedings, but when a defendant has not appeared, service of notice or papers in the ordinary proceeding in an action may not be made upon him. Every such appearance made in an action shall be deemed a general appearance, unless the defendant, in making the same, states that the same is a special appearance. We think that in any event the motion was properly overruled.

The next contention is that it is a general rule of courts of justice, whether sitting as courts of law or courts of chancery, to permit the state, or any person or corporation to whom the powers of eminent domain have been delegated, if in possession of the tract while condemnation proceedings are pending, to remain in possession until the expiration of the proceedings, upon proper security to the persons whose land is the subject of the condemnation proceeding. Many cases are cited in support of this contention.

Without passing upon the question assumed by this assignment of error, viz., that this defendant is possessed of the powers of eminent domain, the cases cited by the appellant seem to us not to be in point, as they are not cases

which involved the construction of the statute of forcible detainer, which has always been held to be a law for the summary determination of the right of possession. Bal. Code, § 5527, provides, that a tenant of real property for a term less than life is guilty of unlawful detainer when he holds over or continues in possession, in person or by subtenant, of the property or any part thereof, after the expiration of the term for which it is let to him; that in all cases where real property is leased for a specified term or period, by express or implied contract, whether written or by parol, the tenancy shall be terminated without notice at the expiration of such specified term or period. It would seem that, if corporations are to be subjected to the provisions of the law as are individuals, the statute is not susceptible of construction. This court held in *Phillips v. Port Townsend Lodge,* 8 Wash. 529, 36 Pac. 476, that equitable defenses could not be interposed under the complaint drawn under the forcible entry and detainer acts.

"In our judgment," said the court, "the demurrer should have been sustained. The very object the legislature had in view in enacting the statute under which the appellants were proceeding was to afford a summary and adequate remedy for obtaining possession of premises withheld by tenants in violation of the covenants of their lease, and this object would be entirely frustrated if tenants were permitted to interpose every defense usual or permissible in ordinary actions at law. The statute prescribes that a tenant is guilty of unlawful detainer after default in the payment of rent pursuant to the lease or agreement under which the property is held, . . . And when these facts are made to appear to the satisfaction of the court or jury upon the trial, the landlord is entitled to judgment for restitution of the premises, and also to judgment declaring the forfeiture of such lease or agreement, together with damages and the rent found due. In such proceedings counterclaims and offsets are not available;"

citing many cases in support of the announcement. Such has been the uniform holding of this court from that time up to and including the recent opinion of this court in *Gore v. Altice,* ante, p. 335, 74 Pac. 556.

It is insisted by the appellant that it did not attempt by its answer to interpose an equitable defense, but simply to state a right of the defendant which will justify the court in suspending judgment until the condemnation proceeding was ended. But if the matters and things set up in the defense do not constitute an equitable defense, we are at a loss to know what kind of a defense it is. It cannot be claimed under the contract of lease that the defendant had any legal defense, or was entitled to retain possession of the lands after the term of its tenancy had expired, under any legal principle. If it was a defense at all, it was certainly of an equitable nature, although it might be very seriously doubted from a purely equitable standpoint whether the defendant should have the right to protract the term of its lease by the method of instituting a condemnation proceeding, which might or might not eventuate in its favor. And even if it did, it occurs to us that its rights should only commence to operate in its favor after they had been obtained by successful legal proceedings.

It is also contended that appellant was entitled to be served with a notice to quit, the complaint alleging notice and the answer denying it. But the answer does not deny the allegations of the complaint that the premises had been leased for a definite period, and that said period had expired; and, under the provisions of § 5527 above quoted, no notice, under such circumstances, is required.

The last contention—that the forcible entry and detainer act is violative of the provisions of the fourteenth amendment to the constitution of the United States, which pro-

hibits the state from depriving any person of life, liberty, or property without due process of law—was passed upon by this court contrary to appellant's contention in *State ex rel. German etc. Soc. v. Prather,* 19 Wash. 336, 53 Pac. 344, 67 Am. St. 729. The contention there was that it was in violation of § 1 of art. 3 of the constitution of the state. But this involved substantially the provisions of the federal constitution above referred to. We are satisfied with the ruling in that case, and do not think it necessary to again enter into a discussion of the questions involved.

The complaint being a good complaint under the statute, and there being no legal defense to the allegations therein contained, the motion for judgment upon the pleadings was properly granted. Affirmed.

HADLEY and MOUNT, JJ., concur.

FULLERTON, C. J., and ANDERS, J., concur in the result.