[No. 4760. Decided April 6, 1904.]

LAURA A. BOND, *Respondent,* v. THOMAS CHAPMAN, *Appellant.*[1]

LANDLORD AND TENANT—NOTICE TO QUIT—SUFFICIENCY. A notice to quit is not objectionable as not signed by the owner, where it appears that the notice was prepared by a clerk of the authorized agents, who submitted it to the agents, and signed the agents' and owner's names by authority of the agents, since the material thing is the giving of the notice.

UNLAWFUL DETAINER—AFFIRMATIVE DEFENSE OF AGREEMENT TO CONVEY—MATTERS ALREADY LITIGATED—EQUITABLE DEFENSES INADMISSIBLE. In an action of unlawful detainer brought against a tenant in possession holding over after notice to quit, an affirmative defense, which sets up an agreement to convey the premises to the defendant, with the right of possession until conveyance is made, is properly excluded where it appears that the matters involved had already been litigated and decided adversely to defendant; and also, because it is an equitable defense, which can not be interposed in an action of unlawful detainer.

SAME—DOUBLE DAMAGES. In an action of unlawful detainer, Bal. Code, § 5542, authorizes the entry of judgment for double damages where the unlawful detainer is made after default in the payment of rent.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 18, 1903, upon the verdict of a jury in favor of the plaintiff, in an action of unlawful detainer. Affirmed.

*Piles, Donworth & Howe* and *Elmer E. Todd,* for appellant.

*Bausman & Kelleher,* for respondent.

DUNBAR, J.—This is an action of unlawful detainer, brought by respondent against appellant on the 29th day of April, 1902, to recover possession of certain farming

[1]Reported in 76 Pac. 97.

lands in King county. In her complaint respondent alleged the execution of a one-year lease of said premises to J. W. Marshall, on March 25, 1901, and the assignment of said lease to appellant on the 9th day of April, 1902. In said lease it was provided that, after the expiration of the year, the tenancy should be construed as a month to month tenancy, if the lessor remained in possession. The complaint alleged the service of a notice to quit on appellant on March 29, 1902, and the wrongful possession since by appellant. The answer denied due service of the notice to quit, admitted that appellant was in possession after the expiration of the lease, but denied that his possession was wrongful, setting up three affirmative defenses. A demurrer was interposed and overruled as to the first affirmative defense, and sustained as to the second and third. The first affirmative offense, which is in question here, alleges, that in May, 1901, while appellant was in possession of said premises under said lease, respondent executed a written memorandum of agreement by which she agreed to convey said premises to him, and that it was expressly agreed that appellant should remain in possession of the land until the agreement was carried out; that respondent refused to carry out the agreement to convey. The respondent in reply denies the material allegations of this affirmative defense, and pleads, affirmatively, that the appellant had brought an action in the superior court of King county on the affirmative defense pleaded; that the issues had been tried out, and judgment thereon was rendered in favor of the respondent.

At the close of respondent's case, appellant asked for a nonsuit because there was no proof of service of notice, which motion was denied. Respondent objected to the introduction of any testimony under the allegations of the

first affirmative defense, which objection was sustained. No further testimony being offered by appellant, upon respondent's motion, the court instructed the jury to return a verdict for respondent for restitution of the premises and damages to date at the rate of $200 per year. The jury returned a verdict for the sum of $194. Motion for new trial was denied, and judgment was entered up for double damages, amounting to $388, from which judgment this appeal was taken.

It is assigned that the court erred, (1) in admitting in evidence the alleged notice to quit; (2) in denying defendant's motion for a nonsuit; (3) in sustaining plaintiff's objection to the introduction of any proof under the first affirmative defense; (4) in instructing the jury to find a verdict in favor of plaintiff; and (5) in entering up judgment for double damages.

Assignments 1 and 2 are based upon the theory that the notice to quit in this case was not signed by plaintiff, or by Messrs. Bausman & Kelleher, her attorneys, admitted to have authority to sign such notice. The notice was signed, "Laura A. Bond, owner, by Bausman & Kelleher, her attorneys and agents." The testimony, however, shows that this notice was prepared by Mr. Burns, a clerk in the office of Bausman & Kelleher, who testifies that he was authorized to sign the notice, as it was signed, by Mr. Kelleher, a member of the firm; that Kelleher instructed him to sign the notice, "Laura A. Bond, owner, by Bausman and Kelleher, her attorneys and agents;" and that, after it was so signed by him, he showed it to Mr. Kelleher, who approved the signing. We think there is nothing in the contention that this notice was not signed by the respondent or by her agents. It would have been perfectly competent for Mr. Kelleher, or any member of the firm,

to have dictated the notice, signatures and all. The material thing is the giving of the notice.

Neither did the court err in sustaining respondent's objection to the introduction of any proof under the first affirmative defense, for two reasons: (1) it clearly appears, although not strictly proven, that the matters involved in this defense had been already litigated; and (2) it is an equitable defense to an action for forcible detainer, and it is not competent to interpose equitable defenses to such actions. *Phillips v. Port Townsend Lodge,* 8 Wash. 529, 36 Pac. 476; *Gore v. Altice,* 33 Wash. 335, 74 Pac. 556; *Morris v. Healy Lumber Co.,* 33 Wash. 451, 74 Pac. 662. It is insisted by the appellant that this is not an equitable defense, but it seems to us that it is clearly so; that, if appellant had any remedy against respondent, it would have to be sought through the medium of an action for specific performance of the contract. Indeed, this is the action which was resorted to in this case, and which was determined against the appellant.

The only remaining question is whether or not the court erred in entering up the judgment for double damages. Section 5542, Bal. Code, which prescribes the procedure under the forcible detainer act, provides, among other things, that,

"The jury, or the court if the proceeding be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and if the unlawful detainer be after default in the payment of rent, find the amount of any rent due, and the judgment shall be rendered against the defendant guilty of the forcible entry, forcible detainer, or unlawful detainer for twice the amount of damages thus assessed and of the rent, if any, found due."

It seems to us that the statute is not susceptible of construction.

There seems to be no merit in this appeal in any particular, and the judgment is affirmed.

FULLERTON, C. J., and ANDERS, HADLEY, and MOUNT, JJ., concur.