Mr. Justice Van Orsdel
delivered the opinion, of the Court:.
The sufficiency of the affidavit of defense is the sole question: presented. It will be observed that the affidavit states no facts which tend in the least to enlighten the court as to appellant’s, right to defeat the claim of appellee. The affidavit is contradictory and evasive. Appellant first denies that he ever rented the property as specifically described; then denies that he rented the property at the rate set forth in appellee’s affidavit. He follows with a denial that he unlawfully holds possession of the property described, and then denies the sufficiency of the notice to quit the premises described. Not one-of these contradictory conclusions of law is supported in the-affidavit by any allegation of fact. Rule 19 of the rules of" the supreme court of the District of Columbia permits the defendant to file an affidavit of defense “specifically stating iu precise and distinct terms the grounds of his defense, which must be such as would, if true, be sufficient to defeat plaintiff’s, recovery.” Appellant seems to rest his evasive conclusions upon some error in the description of the property and in the-rate of rental as set forth in the notice and affidavit filed by appellee. Mere technical errors in this respect constitute no-defense. If the errors relied upon are sufficient to defeat appellee’s right to recover possession, the facts in support thereof" must clearly appear in appellant’s affidavit. Conclusions based upon a mere intimation of something which the proof might disclose does not meet the requirements of the rule. By the-repeated decisions of this court, such an affidavit hás been held insufficient. Columbia Laundry Co. v. Ellis, 36 App. D. C. 583.
It is contended that the notice is insufficient, for the reason, that the name of the appellee company was signed by its attorney. No objection was made to the sufficiency of the notice-by motion to quash, or otherwise, but appellant, without objection, entered his appearance by filing an affidavit of defense. It is unnecessary, however, to consume time discussing the question of waiver, since the notice is sufficient. Fel *304 ton v. Millard, 81 Cal. 540, 21 Pac. 53a; Bond v. Chapman, 34 Wash. 606, 76 Pac. 97; Cummings v. Winters, 19 Neb. 719, 28 N. W. 302.
The judgment is affirmed, with costs, and it is so ordered.

Affirmed.