**JOHNSTON v. WRIGHT et al.**

**No. 8343.**

Court of Civil Appeals of Texas. Austin.
June 26, 1935.

Rehearing Denied July 17, 1935.

J. J. Byrne, of Lampasas, and G. A. Walters, of San Saba, for appellant.

H. F. Lewis, of Lampasas, and White & Countess, of Belton, for appellees.

McCLENDON, Chief Justice.

Appeal from a judgment perpetually enjoining appellant and others from executing a writ of restitution under a judgment of the county court in favor of defendant, upon appeal from the justice court in an action of forcible detainer in which the plaintiff had obtained possession of the property by giving bond under R. S. art. 3978, the defendant having failed to give the bond therein required which would entitle him to retain the possession.

The controlling facts, which are without dispute, follow:

Walker claiming the right of possession to the property (90 acres of land in Lampasas county) brought an action of forcible detainer in a justice court in that county against Johnston (appellant). At the same time he executed the statutory bond for $150, the amount fixed by the justice. Johnston failed to execute the requisite bond entitling him to retain possession, and at the expiration of six days the officer placed Walker in possession. In the justice court the suit was dismissed. Walker appealed to the county court, where the judgment was in favor of Johnston. The writ of restitution issued upon this judgment. Prior to filing the suit Walker had made a contract with Lee "that he would rent said premises to said Lee as soon as he should regain possession of said land and premises." After Walker was placed in possession by the officer, Lee went into possession under his contract, and thereafter and before the trial in the justice court, Wright and Matchen went into possession under Lee. Neither Lee, Wright, nor Matchen was made party to the suit.

This suit was brought by Lee, Wright, and Matchen against Johnston, the county clerk and the sheriff of Lampasas county, to enjoin the execution of the writ of restitution. A temporary injunction was granted ex parte. Johnston moved to dissolve it, and upon hearing of this motion the trial judge entered judgment perpetuating the injunction he had granted.

Appellees seek to uphold the trial court's judgment upon two grounds:

1. That the county court judgment was void in so far as it awarded a writ of restitution, because the statutes do not authorize such judgment.

2. That since appellees were not parties or privies to the judgment, it was not binding upon them.

Appellees' first contention is predicated upon the wording of article 3978, prescribing the conditions of the respective bonds

required of plaintiff and defendant, and of the wording of article 3986, prescribing the judgment in favor of the respective parties.

These articles read (the pertinent portions are in italics):

"Art. 3978. Complainant may have possession.—

"If the party aggrieved shall, at the time of filing his complaint, execute a bond, to be approved by the justice, *in such an amount as the justice may fix as the probable amount of the costs of suit and of the damages which may result to defendant in the event the suit has been improperly instituted, and conditioned that the plaintiff will pay defendant all such costs and damages as shall be adjudged against him*, the officer serving such citation shall place the aggrieved party in possession of the property sued for, unless the defendant shall, within six days from the service of the citation, execute and deliver to such officer *a bond in an amount double the amount of the bond given by the plaintiff, to be approved by the officer serving such citation, and conditioned that the defendant in case judgment is rendered against him will pay all the costs of suit and the reasonable rental or value of the use of the property during the time he has withheld possession of the same from plaintiff to the time of making such bond and in addition will also pay the reasonable value or rental of such property while such suit is pending and until it is finally disposed of*."

"Art. 3896. Judgment and writ.—

"If the defendant be found guilty, the justice shall give judgment for the plaintiff for restitution of the premises and costs; and he shall award his writ of restitution. *If the defendant be found not guilty, judgment shall be given in favor of the defendant and against the plaintiff for all costs*. No writ of restitution shall issue until the expiration of two days from the rendition of the judgment. Execution may issue for costs."

Concretely, the argument is that because the condition of plaintiff's bond is that "he will pay the defendant all such costs and damages as shall be adjudged against him," and because the judgment authorized is that "if the defendant be found not guilty, judgment shall be given in favor of defendant and against the plaintiff for all costs," a judgment of restitution is not warranted. Defendant's only remedy, it is urged, is upon the bond. The effect of

such holding would be to destroy defendant's right of possession even after its validity had been finally adjudicated in a proceeding brought by and binding upon the plaintiff. A simple illustration, we think, will demonstrate the fallacy of this contention. A holds a valuable piece of realty under a long-time lease from B. The lease provides for forfeiture under certain conditions. B contends that the conditions of forfeiture have arisen, notifies A, who holds a contrary contention, and refuses to surrender possession. B sues A in forcible detainer, gives the statutory bond; A is unable to give the required bond, and B is put in possession. B fails to sustain his suit, and the final judgment is against him. The lease has still many years to run. B, by a groundless suit and the inability of A to give bond, has effectuated a cancellation of the lease, substituting therefor a pecuniary liability. A's property (his leasehold) has been effectually condemned for a purely private use.

If this be the proper construction of article 3978, it would be difficult to uphold its constitutionality.

But we are clear in the view that no such meaning derives from the language of the article.

■ Statutes are to be construed in the light of their objective.

This article first appears in the statutes in 1917 (Acts Reg. Sess., chap. 154, p. 363). Apparently to cure manifest defects it was amended in 1918 (4th Called Sess., chap. 83, p. 176). One of the recited grounds of the emergency clause was "the fact that there is now no adequate law in Texas properly protecting the rights of plaintiffs in forcible entry and detainer suits." Section 2. Adequate protection is all the act purported to afford, and all such plaintiffs were entitled to be afforded, which consisted in being made whole in case they vindicated their asserted rights.

The proceeding provided by the article is both summary and ancillary.

■ As a summary proceeding to remove a tenant from possession, it must be strictly construed in favor of the tenant. See Lorch v. Page, 97 Conn. 66, 115 A. 681, 24 A. L. R. 1204.

■ As an ancillary proceeding in advance of an adjudication, its full purpose was to preserve the plaintiff's rights pending the litigation, and must abide the re-

sult. If defendant should give the required bond, and be successful in the suit, he would retain his possession thereafter. If he should be unable to give the bond, or through accident, mistake, or otherwise fail to give it within the six-day period, his possession by every test of judicial fairness should be restored to him, upon final adjudication that it had been wrongfully taken from him.

The constitutionality of a similar statute was upheld in State v. Prather, 19 Wash. 336, 53 P. 344, 67 Am. St. Rep. 729. In order to uphold it, however, the court gave it the same construction we are giving the instant statute. We read from the opinion (italics ours): "It is the contention of the respondent that the procedure provided for by this section is an invasion of personal and property rights, and operates to arbitrarily deprive the citizen of his property, without giving him an opportunity to be heard. We think the statute does not deprive defendant of his property, but merely the right to the possession of it, if he fails or neglects to give a bond, *pending the suit, and unless the plaintiff prevails in the action a return of the property to the defendant must follow. That the statute does not in express terms require that the bond should so provide in nowise alters the case. It results from a judgment in defendant's favor as fully as if it was specified in the bond.* The procedure under this statute is analogous to that in replevin, with this difference in the practical operation, of it; that whereas in replevin the property, because of its perishable nature, cannot always be returned, under the statute we are considering the very nature of the property renders it almost certain that it can be, and in both cases the defendant is protected by the bond."

■ Appellees' second contention is wholly without merit. All of the appellees were privy to the suit and bound by the judgment therein. They acquired their possession under the officer acting solely in virtue of the bond given by Walker. The officer was an agency of the court, and the possession of Walker, and those claiming under him, was the possession of the court to the extent at least of authority to award restitution to Johnston if Walker failed to maintain his suit. To this extent the property was in custodia legis. It has been held that even a stranger to the proceeding, who is "not in collusion with either party to the suit," but who "has gained possession of the premises, claiming a title derived from an independent source," is subject to be dispossessed by writ of restitution, and that mandamus will lie to compel the sheriff to execute the writ. The basic principle supporting this holding is thus stated: "He [the dispossessed defendant] does not stand in the position of the actor in a suit who seeks the aid of a court to regain a possession lost by his own negligence or misfortune. On the contrary, he is out of possession only because the court has wrongfully put him out, and whoever is in is there only because the court has wrongfully made room for him to get in. All that the one has gained and all that the other has lost is due to the agency of the court, and therefore no injustice is done in restoring the party wrongfully dispossessed without stopping to investigate the rights of the party who has thereby gained the possession. He is in no worse position, after being put out by the court, than he would have been in if the court had never acted, and the court cannot, without putting him out, undo its own wrong. If he has a superior right to the possession, he can, after going out, assert it with the same effect as if he had never been in, and he loses nothing but the advantage of holding the premises pending the litigation, an advantage to which he was never entitled." Quan Wo Chung v. Laumeister, 83 Cal. 384, 23 P. 320, 17 Am. St. Rep. 261, 263.

The trial court's judgment is reversed, the injunction dissolved, and judgment is rendered in favor of appellant.

Reversed and rendered.