DEXTER et ux. v. CROSSLIN et al.

No. 14226.

Court of Civil Appeals of Texas. Dallas.
May 5, 1950.

Rehearing Denied May 26, 1950.

384

Hughes & Monroe and P. P. Ballowe, Dallas, for appellants.

Esir Tobolowsky and E. D. Hurt, Dallas, for appellees.

CRAMER, Justice.

This is an appeal from a judgment of a District Court awarding appellee a writ of mandamus directed to Bill Decker, Sheriff of Dallas County, compelling him to execute a writ of restitution issued out of the County Court of Dallas County at Law No. 1, without an indemnity bond which he had theretofore demanded. The trial court's judgment was superseded and the appeal is regularly before us.

The factual background as reflected by the record is as follows: One O. H. Vickery, not a party to this proceeding, was the owner of a lot 100 x 150 feet known as 5610 South Lamar Street in Dallas, Texas. On September 13, 1948 he executed a written lease thereon to Lee Urban for a period dating back to April 1, 1948 and ending May 31, 1951 at a rental of $50 per month. Urban erected a night club on the property. Thereafter appellee Crosslin, who had become associated with Urban, purchased the night club (except the building, fixtures and equipment, which Urban retained) and immediately went into full possession at a monthly rental of $450 to Urban, plus $50 per month to Vickery, owner of the land.

On May 28, 1949 Lee Urban filed a forcible entry and detainer proceeding against Crosslin in the Justice Court and at the same time executed and filed with the Justice of the Peace a $15,000 possession bond under Rule 740, Vernon's Texas Rules of Civil Procedure, formerly Art. 3978, Ver-

non's Ann.Civ.St., and secured a writ dispossessing Crosslin and placing himself (Urban) in immediate possession. On June 7, 1949 Urban by written bill of sale transferred title to the fixtures, building and improvements to appellant Al Dexter. On June 10, 1949 the forcible entry and detainer proceeding was tried in the Justice Court and a jury verdict was entered therein in favor of Crosslin. Al Dexter was present in the Justice Court at time of this trial, and the judgment there was regularly appeared by Urban to the County Court of Dallas County at Law No. 1. On June 13, 1949 O. H. Vickery, owner of the land, executed a written lease to Al Dexter and it appears that he (Dexter) has been and now is in possession of the property in controversy.

On July 11, 1949 the trial in County Court resulted in a jury verdict and judgment against Urban and in favor of Crosslin. Appellant Al Dexter was present in the court room of the County Court during this trial. On September 2, 1949 motion for new trial was overruled in that court and on September 7, writ of restitution for the property involved, plus $33.75 costs, was issued. On November 18, 1949 appellee Crosslin, through his attorney, made a demand upon Sheriff Decker of Dallas County to execute the writ of restitution as against Urban and also to dispossess Al Dexter who was in possession of such property. Sheriff Decker demanded an indemnity bond which was refused, and, upon his declining to execute the writ of restitution without such indemnity bond, appellee Crosslin, on November 22, 1949, brought this mandamus proceeding. On December 1, 1949 Al Dexter and wife intervened in this proceeding and trial was had, with all parties present, on December 2, resulting in a judgment awarding appellee Crosslin a writ of mandamus directed to Bill Decker, as Sheriff, to execute the writ of restitution out of the county court without an indemnity bond.

■ Appellants' first point complains of the trial court's granting the writ of mandamus ordering the sheriff to execute the writ of restitution without requiring Crosslin to make an indemnity bond to protect them. This same contention was passed on by the Austin Court of Civil Appeals in Johnston v. Wright, 85 S.W.2d 361, error refused. There, as here, the plaintiff made a possession bond and took immediate possession, but on final hearing failed to prevail. An injunction was granted to third persons (not parties to the forcible entry and detainer proceeding), who contended that the county court judgment was void in so far as it awarded a writ of restitution against them, the sole remedy being on the possession bond, since they were not parties to the forcible entry and detainer suit, and therefore not bound by the judgment therein. The Court of Civil Appeals held that the plaintiffs in that injunction suit, since any right they might have was so held by them under the parties to the possession bond and therefore in privity with them in the forcible entry and detainer proceeding; citing with approval Washington and California Supreme Court cases where, under like circumstances, mandamus was granted. This point is overruled.

■ The next two points are that appellee had an adequate remedy at law; that there is an absence of necessary parties; and that a writ of mandamus was wrongfully issued as against appellants. The question of appellee having an adequate remedy at law on the possession bond is foreclosed against appellant in Johnston v. Wright, supra, and is overruled; and since appellants hold under Urban (a party to the forcible entry and detainer proceeding and the principal in the possession bond), the question of the wrongful issuance of the writ of mandamus against appellants is, on the same authority, overruled. Next is the question of the lack of necessary parties to the suit. The rule in mandamus proceedings is correctly set out in Groves v. Gould, 102 S.W.2d 1114, 1115, by the Fort Worth Court of Civil Appeals as follows: "* * * we recognize the rule of law in this state that all persons interested in the subject matter to be affected by a writ of mandamus must be made parties to the action. Orange Grocery Co. v. Leverett, Tex.Civ.App., 282 S.W. 625, 627, and authorities there cited. The court in that opinion said: 'The rule is well settled that mandamus will not issue

where it appears that it will affect persons not before the court, whose rights have not been determined in a previous suit.'"

█ Vickery, the landlord, under the facts in this record is interested in, and his rights, if any, will be affected by, the judgment entered herein. His lease to Urban contained a provision against assignment, which is also prohibited (with qualifications not material here) by Article 5237, V. A.C.S. Vickery was placed on the witness stand by appellee Crosslin, and testified that he was the owner of the land and had not consented to the assignment by Urban to Crosslin; but had agreed to an assignment of the lease by Urban to Al Dexter who now claims the sole right to possession under such assignment. Vickery also testified that he had received the $50 per month rental theretofore through his collector, Rex Rope, but that Rope did not tell him from whom it was collected, and he (Dexter) personally did not know Frank Crosslin had been paying the rent. If Vickery had been a party to the suit there would have been, (1) the question of fact as to whether or not he was charged with the knowledge of Rope, and (2) whether or not Rope had, expressly or impliedly, by words or actions, consented to the transfer to Crosslin. But since he was not a party to the suit, such questions were not, and could not have been, determined.

Under such circumstances O. H. Vickery was a necessary party, and his absence prevented the trial court from entering a valid final judgment in this mandamus proceeding. This question was not in Johnston v. Wright, supra, since that was an injunction proceeding, and the injunctive relief was denied only as to the parties seeking such relief. The requirement as to necessary parties is not the same in an injunction suit by parties seeking to enjoin the execution of a writ as against them alone. In this mandamus proceeding all parties who may be in any way affected by the execution of the writ are necessary parties. City of Houston v. Allred, 123 Tex. 35, 66 S.W.2d 655; Templeton v. Weatherly, Tex. Civ.App., 62 S.W.2d 286; O'Keefe v. Robison, 116 Tex. 398, 292 S.W. 854; Miller v. Stine, 127 Tex. 22, 91 S.W.2d 315.

Under this rule, Vickery, who was interested in who his tenant might be, but who was not a party to the forcible entry and detainer action, or to this mandamus proceeding, could object to possession by Crosslin if and when he should go into possession. Therefore Vickery was a necessary party and his absence is reversible error.

█ The last question is whether or not the jurisdiction of the County Court of Dallas County at Law No. 1 to control the sheriff in the discharge of his duties in executing the writ of restitution, was exclusive. This point must also be sustained. Our Constitution, Art. 5, sec. 16, Vernon's Ann.St., provides that the County Court shall have appellate jurisdiction in civil matters of which Justice Courts have original jurisdiction, when the amount exceeds $20, exclusive of costs; also, that the County Court or the judge thereof shall have power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of its jurisdiction. The District Court, under Art. 5, sec. 8, is given jurisdiction of certain subjects not involved here, also causes where $500 or more is involved, and provides that "said court and the judges thereof, shall have power to issue writs of * * * mandamus * * * necessary to enforce their jurisdiction." Provides for appellate jurisdiction of probate and Commissioners Court judgments and, under the catch-all clause, for "general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

The jurisdiction of the controversy in the main suit here was within the exclusive jurisdiction of the county court (in Dallas County in the County Courts at Law,—Art. 1970—1 to 1970—31, inclusive, V.A.C.S.). Such courts are given jurisdiction to issue writs of mandamus to enforce their judgments. Such original jurisdiction of the matters involved in the main suit here was not given to the district court, but was given to the county court. Therefore the jurisdiction to enforce the

execution of its judgment and its process by mandamus is exclusive in such County Courts, and the District Court does not have jurisdiction over the same under the catch-all general jurisdiction clause. Jones v. Dodd, Tex.Civ.App., 192 S.W. 1134 (Syl. 4); Fielder v. Parker, Tex.Civ.App., 119 S.W.2d 1089 (Syl. 15).

It follows, therefore, that the 116th District Court did not have jurisdiction of this cause of action.

The judgment below is therefore reversed and judgment here rendered dismissing this entire proceeding for want of jurisdiction in the District Court.