**ROSE v. SKILES et al.   (No. 8181.)**

(Court of Civil Appeals of Texas. Dallas. Nov. 11, 1922.)

**1. Forcible entry and detainer ⬦6(1)— "Forcible entry and detainer" defined.**

The action in forcible entry and detainer is a statutory remedy, providing a summary method of determining the right of a party to the possession of real property.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Forcible Entry and Detainer.]

**2. Forcible entry and detainer ⬦43(2), 45— County court's judgment not appealable in so far as it determines right of possession; defendant not entitled to supersedeas.**

Under Rev. St. art. 3962, making the judgment of the county court in an action in forcible entry and detainer "finally disposing of the cause * * * conclusive of the litigation," and providing that "no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars," and article 3963, providing that the writ of restitution "shall not be suspended or superseded in any case by any appeal taken from such final judgment in the county court," a defendant, appealing from judgment of county court entitling plaintiff to possession and awarding to plaintiff damages for the withholding of possession, was not entitled to a writ of supersedeas to stay the writ of restitution, the judgment being final as to plaintiff's right to possession notwithstanding article 2078, authorizing an appeal or writ of error "from every final judgment of the county court," since articles 3962 and 3963, being special statutes dealing exclusively with forcible entry and detainer cases, must prevail over such article 2078, which is a general statute, and applies to appeals generally.

**3. Statutes ⬦225½—Special statute relating to particular class of cases must as to such class prevail over general act.**

Where one statute relates to all cases generally, and another statute relates to a particular class of cases, the special statute must, as to the particular class of cases, prevail over the general act.

Application for writ of mandamus on relation of E. S. Rose against W. S. Skiles and others. Application refused.

John McGinnis, of Dallas, for relator.

Thomas, Frank, Milam & Touchstone, Willis Snyder, and Hobart Price, all of Dallas, for respondents.

SERGEANT, C. J. Chain Stores Company instituted suit against Mrs. E. S. Rose in the justice court of precinct No. 1, Dallas county, Tex., at Dallas in an action of forcible entry and detainer to eject her from the premises she was occupying at 1703 Live Oak street in the city of Dallas. Defendant pleaded not guilty, and, upon judgment being rendered against her, appealed to the county court of Dallas county at law. There plaintiff amended its pleadings, and sought damages for withholding possession of the premises pending the suit. On trial, judgment was rendered for plaintiff against defendant for possession of the premises and damages in the sum of $1,022.50, with interest, and awarding an execution and writ of restitution. Upon the overruling of the motion for a new trial the writ of restitution issued, and was placed in the hands of the sheriff. Before the execution was due defendant filed her supersedeas bond with the county clerk, and requested the issuance of a writ of supersedeas to stay the writ of restitution during the appeal. The clerk approved the bond, but refused to issue the supersedeas. Thereupon defendant made application to this court for a writ of mandamus against the county clerk to require him to issue the supersedeas to the sheriff, directing the return of the writ of restitution. The clerk has filed an answer to the application for mandamus, contending that the supersedeas cannot lawfully issue, and therefore that mandamus will not lie to compel its issuance.

Bouvier defines the action of mandamus to be:

"One brought in a court of competent jurisdiction to obtain an order of such court commanding an inferior tribunal board corporation or person to do or not to do an act the performance or omission of which the law enjoins as a duty resulting from an office, trust or station."

It is clear, if the appeal brings the entire case to this court, that mandamus should issue requiring the clerk to issue the supersedeas to stay the writ of restitution; but, if the appeal is limited only to the question of damages, and if the right of possession cannot be inquired into by this court, that the supersedeas is not proper and that mandamus to require it will not lie.

[1] The action in forcible entry and detainer is a statutory remedy, providing a summary method of determining the right of a party to the possession of real property.

When the original act providing for this remedy was passed by the legislative body of the Republic of Texas in 1840, it permitted inquiry into the right of possession only, and did not authorize litigation of any other issue of title or of damage. This remained the law through the later enactments and amendments by the state of Texas until 1879, when a statute was passed, authorizing recovery of damages in the county court for withholding the possession of the premises during the pendency of the appeal. That same Legislature also created present article 3962, which reads:

"After a trial upon the merits, the proper judgment shall be rendered upon the law and the facts, or upon the verdict of the jury, as the case may be; and the judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars."

Had the lawmakers stopped there we would be constrained to say that their intention was to permit an appeal from the county court to the Court of Civil Appeals on both causes of action, as to the right of possession as well as on the question of damages, where the judgment exceeded $100. But the Legislature went further, and in the same act, by present article 3963, declared:

"The writ of restitution, or execution, or both, shall be issued by the clerk of the county court according to the judgment rendered and the same shall be executed by the sheriff or constable, as in other cases; and such writ of restitution shall not be suspended or superseded in any case by any appeal taken from such final judgment in the county court."

The statute relating to appeals generally is found in article 2078 of the Revised Statutes of Texas in the following language:

"An appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment of the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs."

[2, 3] Applying the rules of construction to the three statutes just quoted, which must be considered in pari materia, we are of the opinion that there is no real conflict between them. Articles 3962 and 3963 being special statutes dealing exclusively with forcible entry and detainer cases, must prevail over article 2078, which is a general statute, and applies to appeals generally. Where the legislative body makes provision for all cases generally, and the same or another act of the Legislature contains a special statute governing a particular class of cases, the special statute must, as to the particular class of cases, prevail over the general act, Perez v. Perez, 59 Tex. 322; Austin v. Cahill, 99 Tex. 172, 88 S. W. 542, 89 S. W. 552; Callaghan v. McGown (Tex. Civ. App.) 90 S. W. 319. Therefore, under such rules of construction, it is apparent that the Legislature intended by the language of articles 3962 and 3963 to give litigants in forcible entry and detainer proceedings the right of appeal to this court from all judgments for damages exceeding $100. But at the same time such lawmaking body intended to make the judgment of the county court a finality in so far as the question of the right of possession of the involved premises is concerned, and to deny an appeal from the county court to the Court of Civil Appeals on the question of possession.

As the appeal to this court from that part of the judgment assessing damages was perfected by the filing and approval of the supersedeas bond, appellant would have been entitled to a writ of supersedeas to stay the execution if one had issued. But as the law authorizes no appeal to this court from that part of the judgment awarding possession, the writ of restitution is not suspended by the filing and approval of the bond, and the writ of supersedeas cannot lawfully issue to stay it. Therefore mandamus will not lie to compel its issuance. The application for writ of mandamus is refused.