## SPANN v. WILLIAMSON. (No. 8960.)

(Court of Civil Appeals of Texas. Dallas.
Dec. 9, 1922. Rehearing Denied
Jan. 20, 1923.)

Injunction ⬯26(9)—Forcible entry and detainer pending on appeal in county court cannot be enjoined.

The district court cannot, in a suit to cancel a deed for fraud, restrain forcible entry and detainer proceedings instituted by one of the defendants to recover possession of the land, in which judgment for the possession had been awarded to that defendant by a justice of the peace, and an appeal therefrom taken to the county court.

Appeal from District Court, Dallas County; Royall R. Watkins, Special Judge.

Action by J. W. Spann against W. O. Williamson. From an order dissolving the temporary injunction previously granted, plaintiff appeals. Affirmed.

Whitehurst & Read, of Dallas, for appellant.

John M. Tipps, of Dallas, for appellee.

VAUGHAN, J. This suit was instituted June 12, 1922. On the 26th day of September, A. D. 1922, appellant applied for and obtained a restraining order on the following allegations contained in his third amended original petition filed on the 26th day of September, 1922, viz.: That on May 4, 1922, appellant was the owner in fee simple of lots Nos. 1 and 2, block No. E of Cockrell Hill addition to the city of Dallas. That on or about said date one T. E. Sullivan, by fraudulent representations induced appellant to exchange said property for one certain note for the sum of $2,000, executed by R. V. Miller, payable to the order of T. E. Sullivan, secured by a mortgage on lots 598 and 600 in West Lawn Park addition to the city of Oklahoma, state of Oklahoma, and that on said date appellee executed and delivered to said Sullivan his certain deed for the above-described property in consideration of said Sullivan transferring and assigning to appellant the above-described $2,000 note. At the time of said transaction Sullivan expressly represented to appellant that the lots securing said note were in the neighborhood where all houses were two-story and were on a paved street, and that the houses in that neighborhood were worth $2,500 to $3,000 each. That, relying on said representations and fraudulent statements, appellant executed and delivered said deed to the said Sullivan, and that since the execution of said deed he (appellant) has been residing on said premises, and that immediately after the delivery of said deed to Sullivan he discovered that said representations were false and fraudulent, and notified said Sullivan that he intended to rescind the sale. That said lots, securing the payment of said $2,000 note, are worth only $5 each, and that said note is worthless; and that there is no such man as R. V. Miller in the city of Oklahoma. That said Sullivan knew the value of said lots, and knew that there was no such person as R. V. Miller, and that the name of R. V. Miller was fictitious. That the said facts were known to said Sullivan at the time of the execution of said deed by appellant. That at the time of the execution of said deed the name of the grantee appearing therein was that of T. E. Sullivan, but that thereafter the name of the grantee was changed from Sullivan to Willetta Shugar, and that said change in said conveyance was part of the scheme of T. E. Sullivan, Mrs. Willetta Shugar and husband, Jesse Shugar, S. H. Brown, B. Frankfurt, M. S. White, and W. O. Williamson (appellee herein), the defendants named in appellant's pleadings filed in the court below, to defraud appellant out of his property. That on the 17th day of May, 1922, Willetta Shugar, joined by her husband, Jesse Shugar, conveyed said lots 1 and 2 in block E to one H. S. Brown. That said Brown executed one vendor's lien note in the sum of $500 and one in the sum of $1,050 as a part of the consideration named in said deed. That on the 29th day of May, 1922, said Jesse Shugar conveyed said $500 note to B. Frankfurt, and on the 1st day of June, 1922, said Shugar conveyed said $1,050 note to one M. S. White. That on June 20, 1922, said Brown and wife conveyed said lots to appellee W. O. Williamson in consideration of the cancellation of said $1,050 note. That all of the parties defendant had full knowledge of the above facts, and were familiar with all of the said transactions, and that none of them were innocent purchasers for value.

That after the filing of appellant's original petition in the district court, appellee, Williamson, on the 23d day of June, 1922, instituted, as plaintiff, against appellant as defendant, forcible entry and detainer proceedings in the justice court, precinct No. 7, Dallas county, Tex., and that said suit is now pending on appeal in the county court of Dallas county at law No. 2, and being No. 34074–B, styled W. O. Williamson v. J. W. Spann, and that appellee, as plaintiff in said suit, is attempting to "oust" appellant from his possession of said lots 1 and 2. That in said suit it is made to appear that appellant and appellee occupy the relation of landlord and tenant, whereas, in truth and in fact, said suit is but an effort to try the title to real property. That said restraining order so granted is in the following terms:

"Now, therefore, you, W. O. Williamson, your counselors, solicitors, attorneys, agents, servants, and employés, are hereby commanded to

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

desist and refrain from interfering with the possession of plaintiff in the enjoyment of his property located in the county of Dallas, state of Texas, and known as lots Nos. 1 and 2 in block E, Cockrell Hill addition to the city of Dallas, Tex., until said suit is determined in the district court of Dallas county, Tex., and from further prosecuting suit known as W. O. Williamson v. J. W. Spann, and numbered 34074–B on the docket of the county court of Dallas county at law No. 2, Dallas county, Tex., and you are further commanded to be and appear at 2 o'clock p. m. on the 4th day of October, 1922, to show cause why said restraining order should not be continued in force, until the further order of the district court, to be holden within and for the county of Dallas, Fourteenth judicial district of Texas, at the courthouse thereof in the city of Dallas, on the 4th day of October, A. D. 1922, when and where this writ is returnable."

Appellee, on the 4th day of October, 1922, filed his motion to dissolve said restraining order on the following grounds:

"That this defendant, W. O. Williamson, believing he was justly entitled to the possession of said property, after giving the plaintiff, J. W. Spann, due notice, resorted to the courts of justice for relief, and that on the 16th day of September, 1922, in county court at law No. 2, Dallas county, Tex., a court of competent jurisdiction on appeal from justice court precinct No. 7, Dallas county, Tex., a judgment was rendered, after a full and complete hearing, between the said J. W. Spann and this defendant, W. O. Williamson, against J. W. Spann, adjudging said J. W. Spann guilty of forcible detainer, and to this defendant was awarded a writ of restitution and possession for said premises. * * * The injunction herein issued being to restrain this defendant from interfering with the possession of plaintiff, J. W. Spann, to said premises, and the issue of possession having been determined by a court of competent jurisdiction prior to the issuance of said injunction, same should never have been issued, and should now be dissolved. * * * Defendant would further show that he purchased this property. securing a general warranty deed thereto, on the 20th day of June, A. D. 1922, and would show that at that time plaintiff had filed a supposed suit, styled J. W. Spann v. T. E. Sullivan, No. 43337–B, but did not file a lis pendens, and never prayed for any relief whatever pertaining to the title to said land, or that a cloud was on the title, or any other essential element in trespass to try title, * * * and that this suit was not filed until August 22, 1922, long after the trial of the right of possession in the justice court precinct No. 7, Dallas county, Tex., and after the appeal of said cause to the county court at law, No. 2, Dallas county, Tex., in which court a valid judgment was rendered on September 16th, 1922. * * * This defendant would show that the only issue determined in said county court was the right of possession, and that was determined in favor of this defendant, W. O. Williamson, and against the plaintiff herein, J. W. Spann, and that the determination of the right of possession will not and does not preclude the plaintiff, J. W. Spann, afterward, on the proper pleadings, to try the title to said property, for

it is well settled that the right of possession of property may be in one person to the exclusion of any other, and yet the title to the same property may be in a different person."

Which motion was heard and granted on the 5th day of October, 1922. From said order of dissolution this appeal is prosecuted under the following propositions:

"(1) An injunction is proper to quiet one in possession of land pending proceedings against his right thereto.

"(2) Trespass to try title pending vests jurisdiction to try title, right of possession and claim for damage to the exclusion of a subsequent action in forcible entry and detainer, and deprives the justice and county courts of jurisdiction to try such a cause between the same parties or parties in privity with the litigants in the trespass to try title suit, both suits relating to the same subject-matter and both based upon the same claim of right.

"(3) The county court is without jurisdiction to render judgment in a case in which the gist of the inquiry is one of title to land.

"(4) Possession and occupancy of the property in controversy by one of the claimants thereto is notice to a purchaser of his claim and interests therein, and concludes said purchaser from interfering with such use and occupancy until the final determination of such rights and interests by court of competent jurisdiction; the party in possession and occupancy having used due diligence to bring said claims of right to the notice of said purchaser or prospective purchasers.

"(5) A purchaser of land, pending litigation involving the title thereto, takes same charged with notice of the pending litigation and the claims of the adverse party in possession, and cannot lawfully dispossess said party in possession until the right or title is determined in the prior action, or said action otherwise disposed of, and said purchaser cannot rightfully maintain a forcible entry and detainer suit to dispossess said party in possession.

"(6) The court of equity may enjoin the execution of a judgment rendered by inferior court when it shall appear that said inferior court was without jurisdiction to try the cause in which said judgment was rendered, there being no right of appeal from said judgment by which the unsuccessful party may pursue his defense at law.

"(7) A court of equity may enjoin the prosecution of a subsequent suit in an inferior court which involves the determination of questions between the same parties arising in a prior action in the court issuing the injunction; both causes involving the same subject-matter and the subsequent suit presenting only questions for determination presented in the prior action, though the subsequent suit does not present all questions arising in the prior action."

The rules of law contended for by appellant as applicable to and by which his rights should be determined, as revealed by the record before us, are not to be sustained under the following authorities: House v. Reavis, 89 Tex. 626, 35 S. W. 1063; G. C. & S. F. Ry. Co. v. Cleburne Ice & Cold Storage et al. 37 Tex. Civ. App. 334, 83 S. W. 1100; Mrs.

E. S. Rose, Rel. v. W. S. Skiles, County Clerk, et al., Resps. (Tex. Civ. App.) 245 S. W. 127, decided by this court November 11, 1922, as per opinion by Chief Justice Sergeant, not yet published.

Therefore, while correct in the abstract, we must hold that no one of said propositions presents a question germane or related to the case as revealed to us.

The judgment of the court below is affirmed.