**GRAHAM et al. v. RINGGOLD.   (No. 2991.)**

Court of Civil Appeals of Texas. Amarillo. Feb. 1, 1928.

Rehearing Denied Feb. 29, 1928.

1. **Justices of the peace ⬤�ký140—Statute providing for bond on appeal from justice court in forcible entry and detainer does not conflict with, but prevails over, statute providing for appeal bond generally (Rev. St. 1925, arts. 2456, 3987).**

Rev. St. 1925, art. 2456, providing that on appeal from justice court bond signed by sureties is required, *held* not to conflict with article 3987, providing for appeal in cases of forcible entry and detainer upon bond approved by the justice, since where legislative body makes provision for all cases and another act contains special statute governing particular case, special statute must, as to particular class of cases, prevail over general act.

2. **Justices of the peace ⬤➦159(5)—Appeal from justice court in forcible entry and detainer held not dismissible for lack of sureties, where bond was approved by justice (Rev. St. 1925, arts. 2456, 3987).**

Appeal from justice to county court in action for forcible entry and detainer, *held* not dismissible because bond given and approved by justice did not have sureties as required by Rev. St. 1925, art. 2456, since under article 3987 bond was sufficient.

Appeal from District Court, Foard County; Robert Cole, Judge.

Suit by B. F. Ringgold against L. V. Graham and others in justice court. From judgment of district court enjoining enforcement of judgment of county court, reversing judgment for plaintiff granted in justice court, defendants appeal. Reversed and rendered.

Jesse Owens, of Crowell, for appellants.

O. D. Beauchamp and Oswalt & Myers, all of Crowell, for appellee.

RANDOLPH, J.  This suit was originally filed by Ringgold, as plaintiff, in the justice court, against the appellants, Luke Graham, Ora Graham, and John Stewart, as defendants in a suit for forcible detainer of real estate.

In that court, the plaintiff recovered judgment against the defendant. The defendants thereupon attempted to appeal from such judgment to the county court by giving an appeal bond signed only by them (without sureties). Attached to said bond was the following receipt by the justice of the peace:

"Nov. 19, 1927.

"Received of Luke Graham and John Stewart, this date, $150.00, as appeal bond in justice cause No. 207, B. F. Ringgold v. Luke Graham et al.        [Signed]  M. M. Hart, Jr."

Appearing in the transcript is the following certificate:

"The State of Texas, County of Foard.

"B. F. Ringgold v. Luke Graham, Orie Graham, and John Stewart.  No. 298.  In the County Court of Foard County, Texas.

"This is to certify at the time on the 9th day of December, A. D. 1927, when this court heard the plaintiff's motion to dismiss defendants' appeal from justice court, precinct No. 1, Foard county, Tex., in said cause that for the purpose of securing the guarantee of the payment of cost and damages which might be adjudged against the said defendants at the trial to be had in the said county court of Foard county, Tex., as provided for in their appeal bond which had been duly filed and approved by the justice of the peace, M. M. Hart, Jr., of the said justice of the peace precinct No. 1, Foard county, Tex.. the following described cashier's check was attached to the said appeal bond, to wit:

"'The Bank of Crowell (Unincorporated) 88–609.  No. 32787.  Crowell, Texas, Nov. 21, 1927.  Pay to the order of M. M. Hart, Jr., $150.00 Exactly-Exactly One Hundred Fifty Dollars Exactly-Exactly Cashier's Check.  Floy Cheek Haney, A. Cashier.'

"J. E. Atcheson, County Judge,
"[Seal.]                Foard County, Texas.
"This the 21st day of December, 1927."

The plaintiff thereupon filed his motion in the county court to dismiss the appeal, all of the appeal proceedings having been filed in said court.  The ground upon which said motion is based is that the bond, as filed and approved by the justice of the peace, was without sureties, as required by the statute. This motion to dismiss was overruled by the county court, and said court proceeded to try the cause and to render judgment on the verdict of the jury against the plaintiff and in favor of the defendants.

The plaintiff, on the 15th of December, 1927, filed his petition in the district court of Foard county, praying for a writ of injunction against Luke Graham, Ora Graham, John Stewart, Ida Reeves, county clerk of Foard county, and L. D. Campbell, sheriff of said county, in which, after reciting the ownership of certain real estate in the town of

Crowell, the leasing thereof by him to one C. S. Howell, which lease contract is alleged to have expired on the 5th of November, 1927, the subleasing by said Howell to the defendants Graham and Stewart, against his (plaintiff's) consent and in violation of the terms of said lease, and reciting further the proceedings in justice and county court substantially as above stated, he then attacks the above-recited judgment for the reasons that said judgment is void, because it was rendered in a cause in which no legal appeal had been perfected, and praying that a restraining writ be ordered, restraining the defendants from issuing and enforcing a writ of restitution under said void judgment.

Article 2456, Revised Civil Statutes 1925, provides as follows:

"The party appealing, his agent or attorney, shall, within ten days from the date of the judgment, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice in double the amount of the judgment, payable to the appellee, conditioned that appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on appeal. When such bond has been filed with the justice, the appeal shall be held to be thereby perfected and all parties to said suit or to any suit so appealed shall make their appearance at the next term of court to which said case has been appealed without further notice."

In the chapter relating to forcible entry and detainer, article 3987 of said Statutes provides as follows:

"Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered, by giving notice thereof in open court and by filing with the justice within five days after the rendition of said judgment, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him; and no motion for a new trial shall be necessary to authorize such appeal."

It will be observed that this article provides only that the bond shall be such a bond as shall meet the approval of the justice and no provision is made for sureties.

[1] There is no conflict between these articles. Article 2456 is a general statute and applies to appeals generally. Article 3987 is a special statute governing appeals from forcible entry and detainer cases. It has been held that where the legislative body makes provision for all cases, generally, and the same or another act of the Legislature contains a special statute governing a particular class of cases, the special statute must, as to the particular class of cases, prevail over the general act. Rose v. Skiles et al. (Tex. Civ. App.) 245 S. W. 127, 128, and authorities therein cited.

[2] The justice having approved the bond herein in question, appealing from the jus-

tice court to the county court, the statute has been complied with. The bond having met the justice's approval, we are not authorized to say that the bond, as accepted, was not a proper bond. The absence of sureties on said bond, when same are not called for by the statute, cannot be invoked against the bond.

We therefore hold that the county court's judgment was not void by reason of the failure of the defendant in the justice court to give a bond with sureties on it.

The judgment of the district court in the case at bar, granting the injunction, is therefore reversed and here rendered.