## STRICKLIN v. JOSLIN. (No. 8007.)

Court of Civil Appeals of Texas. San Antonio.
May 16, 1928.

Rehearing Denied June 13, 1928.

Forcible entry and detainer ⊚⇒43(2)—County court judgment allowing relief in forcible detainer action and denying defendant damages held not appealable (Rev. St. 1925, art. 3992).

County court judgment allowing plaintiff's recovery in action for forcible detainer and denying defendant's claim for damages *held* not appealable under Rev. St. 1925, art. 3992.

Appeal from Jim Wells County Court; R. R. Mullen, Judge.

Suit by A. J. Joslin against H. H. Stricklin, in which defendant interposed a cross-action. Judgment for plaintiff was entered in the county court on appeal from judgment of the justice court, and defendant appeals. Appeal dismissed.

Lloyd & Lloyd, of Alice, for appellant.
Perkins & Floyd, of Alice, for appellee.

FLY, C. J. This suit was brought by appellee against appellant in the justice court as an action of forcible detainer for the failure and refusal of appellant to surrender the premises of appellee after the rental period had expired, and appellee also claimed damages for such detention in the sum of $150. Appellant claimed to have rented the premises for the years 1927 and 1928, and sought through a cross-action to recover $197.50 due him for labor performed on the place. The justice of the peace rendered judgment that the premises be restored to appellee and also rendered judgment in favor of appellant against appellee for $75 as compensation for work done by him on the premises. Appellant appealed to the county court, where judgment was rendered for restitution of the premises to appellee.

It is provided in article 3992, Revised Statutes of 1925, which has reference to actions for forcible entry and detainer or forcible detainer:

"The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars."

The action is a summary proceeding to restore premises to an owner unlawfully entered upon and detained, or merely detained by another person, and the object of the statute would be defeated if a person could unlawfully withhold land from the owner and then postpone relief indefinitely by one appeal after another. This case comes within the purview of the statute making the judgment of the county court final. It involved a forcible detainer of property, and there was no judgment for damages. Emerson v. Emerson (Tex. Civ. App.) 35 S. W. 425; Rose v. Skiles (Tex. Civ. App.) 245 S. W. 127.

This court has no jurisdiction, and the appeal is dismissed.