**FRY, Justice of the Peace, v. McDUFFEY.**

No. 7689.

Court of Civil Appeals of Texas. Austin.

Jan. 20, 1932.

Rehearing Denied Feb. 10, 1932.

Thos. C. Ferguson and Ben L. King, both of Burnet, for appellant.

BAUGH, J.

Appeal is from a writ of mandamus issued by the district court of Burnet county, commanding W. P. Fry, justice of the peace of precinct No. 1, in Burnet county, to file an appeal bond, and approve same if found sufficient, and to make out and transmit to the county court of Burnet county, transcript on appeal in a forcible entry and detainer suit brought by C. W. Chamberlain against Mrs. McDuffey in said justice court, in which suit Chamberlain recovered a judgment.

The record contains no statement of facts, nor any brief for appellee. Appellant's first contention is that the district court was without jurisdiction to grant such writ, and that same was within the exclusive jurisdiction of the county court. We sustain this contention. In granting power to issue writs of mandamus to the district and county courts, the Constitution and statutes grant such power "when necessary to the enforcement of the jurisdiction of the court." Const. art. 5, §§ 8, 16; Rev. St. 1925, arts. 1914, 1957. The appeal sought to be perfected by appellant was to the county court. No jurisdiction of the district court could have attached in any event. The county court is the proper court to issue mandamus to the justice of the peace to remove impediments to an appeal in such cases. Winstead v. Evans (Tex. Civ. App.) 33 S. W. 580, 581; Hart v. Wilson (Tex. Civ. App.) 156 S. W. 520; McIntosh v. Watts (Tex. Civ. App.) 5 S.W.(2d) 1003; Harbert v. Owen (Tex. Civ. App.) 26 S.W.(2d) 670.

In Winstead v. Evans, supra, the court used the following language: " * * * As the application in this case showed clearly that the applicants had lost their case in the justice's court, and desired to remove an impediment to their right of appeal to and trial de novo in the county court, the latter court, in the exercise of its general and exclusive jurisdiction of appeals from the justice's courts, had the power to remove this impediment; and as this power was, though incidental and auxiliary, essentially a part of its appellate jurisdiction, no other court had

the power to exercise it. The original jurisdiction conferred generally on the district courts to issue injunctions, mandamus, and other writs was not given in aid of the jurisdiction of some other court. Every court of record is empowered to take care of its own jurisdiction."

Appellant also complains of the sufficiency of appellee's pleadings, and that no notice of appeal in open court was shown to have been given in the justice court. In view of the above holding, and the disposition of the case required under it, we deem it unnecessary to discuss the pleadings here. It is not amiss, however, to call attention to the rules governing pleadings in application for writs of mandamus generally, laid down in Johnson v. Elliott (Tex. Civ. App.) 168 S. W. 968, and McIntosh v. Watts, supra.

In McIntosh v. Watts, the Court of Civil Appeals held that copy of the appeal bond tendered in the justice court should have been attached to the application for mandamus, in order that the court might determine whether same complied with the provisions of the statute. In the instant case copy was not attached, but was referred to, and the pleadings set out its provisions sufficiently we think, as against a demurrer thereto.

While notice of appeal from the justice to the county court is not required under the general statutes governing appeals in such cases, the appeal sought to be prosecuted from the justice to the county court in the instant case is not governed by the general statute, but by title 64, art. 3987, R. S. 1925. Article 3987 expressly provides that such appeal may be perfected "by giving notice thereof in open court and by filing with the justice within five days after the rendition of said judgment, a bond to be approved by said justice," etc.

In Graham v. Ringgold (Tex. Civ. App.) 2 S.W.(2d) 893, it was held that this statute, being a special statute governing forcible entry and detainer suits, must prevail over the general act, and must, of course, be complied with in the prosecution of the appeal from the justice court. Since said article expressly provides that notice of appeal in open court must be given, it should be complied with. There being no statement of facts, however, and the district court judgment reciting that the justice of the peace found that notice of appeal had in fact been given as required by law, that concludes that matter on this appeal.

The district court being without jurisdiction to issue the writ of mandamus, judgment of the trial court is reversed and the cause ordered dismissed.