William E. WOLF et al., Appellants,

v.

W. R. PETTY et al., Appellees.

No. 16829.

Court of Civil Appeals of Texas.

Fort Worth.

March 31, 1967.

Rehearing Denied May 5, 1967.

Shirley W. Peters, Denton, for appellants.

Bill Atkins, Arlington, for appellees.

## OPINION

MASSEY, Chief Justice.

The question posed relates to the consolidation of cities, pursuant to the provisions of Vernon's Ann.Tex.St. Title 28, "Cities, Towns and Villages", Chapter 15, "Consolidation of Cities", Art. 1188 et seq.

In the City of Bedford, in Tarrant County a petition was filed with the governing body to order an election for the purpose of voting on its consolidation with the City of Euless, also in Tarrant County. In part, at least, the boundaries of said municipalities adjoin and are contiguous. Under the record such was not made a fact issue. If it was then the fact was indisputably established. The petition was signed by qualified electors equal to fifteen per cent of the total vote cast at the last preceding general election for city officials, next preceding the filing of said petition. Under the provisions of Art. 1189, "Petition", it is prescribed that in such instances the governing body of the city shall, within ten days after the receipt thereof, order such an election to be held.

Upon the failure and refusal of the governing body of the City of Bedford to order such election, W. R. Petty, et al., as qualified voters and electors of that city, and as signers of the petition for the holding of such election, brought suit in district court in mandamus to compel William E. Wolf, mayor, and others who comprised the remainder of the governing body, and the City Secretary, to order the election provided for.

Judgment granted mandamus. Mayor Wolf and the other respondents appealed.

■ An initial question is whether petitioners, Petty and others, had authority to bring the suit in the direct form adopted rather than as relators in a suit brought by an authorized person as in an action in *quo warranto*. We have concluded that there was such authority and that the suit was properly brought and the trial court had jurisdiction to grant writ of mandamus. When the question is one of public right, and the object is to procure the enforcement of a public duty, a citizen may maintain the suit without showing any interest special and peculiar to himself,

and, in a proper case, without the intervention of a governmental law officer, and, where a specified number of voters is given the right to demand an election by petition, one or more of the petitioners may apply for, and in a proper case obtain, a writ to compel the calling of the election. 37 Tex.Jur.2d, p. 738, "Mandamus", § 90, "Private person, citizen, or taxpayer", and cases cited; Glass v. Smith, 150 Tex. 632, 244 S.W.2d 645, 648 (1951); City of De Leon v. Fincher, 344 S.W.2d 743 (Eastland Tex.Civ.App., 1961, writ ref. n. r. e.); Newton County Water Supply District v. Bean, 320 S.W.2d 158 (Austin Tex.Civ.App., 1959, writ ref. n. r. e.).

■ As applied to the City of Bedford there was no issue joined in the pleadings of petitioners and respondents. What respondents sought to do was to present issues of fact upon the propriety of activities of the City of Euless, and of petitioners therein to their governing body. The record reflects that at the same time of the activity by the petitioning citizens of the City of Bedford there was like activity by petitioning citizens of the City of Euless. The fact is immaterial. Nothing to be found in the statutes requires that action in one city directed toward having an election upon the proposition of its consolidation with the other depends upon any similar action in that with which consolidation was proposed. We are not presently required to decide whether an election could be held by only one of the electorates, or whether such an election must be held on the same day. We do not attempt to do so. What we do hold is that the validity and effectiveness of a petition to the governing body of one city to order such an election would not in any way depend upon the validity and effectiveness of a petition to the governing body of the city with which a consolidation was proposed.

■ As result of such holding the aforementioned issues sought to be made by respondents would be immaterial upon a question of petitioners' right to mandamus.

However, even if we err in such conclusion, and petitioners' right to such relief did thereupon depend, the attack made upon the propriety of the proceedings in and by the City of Euless would be collateral. As a collateral attack the respondents' evidence would fail in view of acts and decisions shown to have been made by the governing body of the City of Euless.

■ Under such state of affairs no fact issue was raised by the pleadings in the case and respondents were not entitled to a jury. No error has resulted because the trial court denied respondents a trial by jury.

■ The governing body of the City of Bedford was under a clear legal duty to order the election prescribed by Art. 1189. Mandamus was proper.

Affirmed.