Bela MOLNAR, Appellant,

v.

Isabel. CASTRO, Appellee.

No. 4762.

Court of Civil Appeals of Texas.

Waco.

Feb. 13, 1969.

Rehearing Denied March 6, 1969.

Berman & Fichtner, Jay S. Fichtner, Dallas, Beard & Kultgen, Waco, for appellant.

Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

OPINION

WILSON, Justice.

Plaintiff appeals from a judgment for defendant rendered on a jury verdict in an automobile intersectional collision case. Plaintiff presents points asserting the evidence is legally and factually inadequate to support jury findings of plaintiff's negligence and proximate cause.

The collision occurred at night at the intersection of two heavily traveled downtown Dallas streets controlled by a traffic signal light. Defendant entered the intersection from plaintiff's left. The evidence establishes that plaintiff was traveling in a

small car in the extreme right lane of a five-lane street. A larger car, moving parallel, was in the adjacent lane to plaintiff's left, blocking his view in that direction. Defendant's car first struck the larger car and then caromed into that of plaintiff.

The jury found defendant's negligent conduct in several particulars proximately caused the accident; that defendant entered the intersection on a yellow light; that plaintiff did not enter on a red light; that plaintiff failed to keep a proper lookout and "failed to allow the intersection to clear before entering same," each of which failures was a proximate cause.

◼ In our opinion, the evidence supports the findings concerning lookout as a basis for the judgment, and it is not necessary to pass on plaintiff's contentions concerning the other contributory negligence issues.

Neither plaintiff nor defendant ever saw the vehicle of the other. Plaintiff's view of the street to his left from which defendant approached was obstructed by the larger car moving alongside. It was so blocked from the time he entered the intersection, and before. Under evidence contrary to plaintiff's and jury findings not assailed the traffic signal light was changing about the time the cars came into the intersection. Plaintiff testified he had been stopped at a red signal light and his view to the left was blocked as he started. He did not know whether any vehicle was approaching from the intersecting street. The point of first impact with the car beside plaintiff, as he suggests, was 18 feet into the intersection, and that of the second with plaintiff's car was about 7–10 feet beyond the center of the intersection.

Plaintiff testified his car and the larger car beside him which had stopped for the red light "started leaving at the same time" from the stop. He looked to his left before entering the intersection, but all he could see was the larger car alongside: "I looked to the left and I see the '57 Oldsmobile". He entered without knowing whether "there was any car already in the intersection, coming into it." He testified, "I can't see anything" on defendant's side "because the Oldsmobile is a much bigger car, and I just can't see a car".

The jury was authorized to find, under these circumstances that plaintiff failed to keep a proper lookout.

◼ It is urged that the evidence does not sustain the proximate cause finding relating to lookout. Plaintiff was not required to anticipate unlawful conduct on defendant's part. But neither was he entitled to proceed blindly. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 98. Appellant's brief begins with a statement that defendant collided with plaintiff "in violation of a red traffic light", but the jury, on ample evidence, found otherwise. In our opinion the jury was authorized to conclude that it was reasonably foreseeable that a vehicle might enter the intersection as it believed from the evidence defendant's car did, and that the collision might ensue.

Affirmed.