Eristus SAMS, Appellant,

v.

Donald SOWELL, Appellee.

No. 1101.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 5, 1975.

Michael Anthony Maness, Houston, Charles D. Houston, Bellville, for appellant.

Jesse R. Funchess, Houston, for appellee.

COULSON, Justice.

This case involves a statutory election contest arising from a municipal election for the office of Mayor of the City of Prairie View in Waller County, Texas, held on April 6, 1974. Appeal is from the trial court's order declaring the election to be null and void and ordering that a new election be held.

The candidates for the position of Mayor of the City of Prairie View were Eristus Sams (appellant) and Donald Sowell (appellee). The appellee filed this contest complaining of a number of irregularities in the election. It was alleged that certain irregularities were caused by actions of the appellant, the incumbent mayor. The appellee sought to have himself named Mayor or in the alternative to obtain a new election.

After a hearing on the merits held on July 12, 1974, the trial court entered an order dated July 26, 1974, in which the election was declared to be null and void. A new election was ordered to be held on the 17th day of August 1974. The appellant filed a supersedeas bond in the sum of $50,000 as set by the trial court.

The threshold issue raised by the appellant is whether under the existing conditions the trial court had jurisdiction of this election contest. It is undisputed that the polls were closed forty minutes early when all of the 400 printed ballots had been used. As a result of the early closing, from fourteen to sixteen people who desired to vote in the election were unable to do so. After the polls were closed, the election judge placed all of the ballots, the poll list, tally sheets, and all other voting materials into the ballot boxes which were then locked and taken to the Waller County Jail and placed in the custody of the sheriff.

The ballots cast at the election were counted by the election officials, and the election judge orally announced the results as 208 votes for the appellant and 192 votes for the appellee. No certified return showing the total number of votes and their division between the candidates was ever prepared by the election judge. All of the materials necessary for such a certification of returns were locked in the ballot boxes. On the Monday following the election, the City Council met to canvass the election, however, a canvass of the election was not made because the ballot boxes remained locked. Two days later the Council met again and decided not to open the boxes until a court order could be obtained authorizing such action. Such an order was obtained on April 27, 1974. However, on April 25, 1974, the appellee obtained a temporary injunction preventing the City Council from canvassing the election pending the outcome of this election contest filed that day. The City Council of the City of Prairie View has never canvassed the votes cast at the election of April 6, 1974; nor has the City Council of the City of Prairie View issued a certificate of election of Mayor for the City of Prairie View to any person as a result of the municipal election held on April 6, 1974.

■ Tex. Election Code Ann. art. 9.01, V.A.T.S. (1967) grants to the district courts of Texas original and exclusive jurisdiction over all contests of municipal elections. However, it has long been recognized that an election is a political activity and that during its progress it is not subject to judicial control. This principle is said to apply to the entire election and includes the making and canvassing of returns. Leslie v. Griffin, 25 S.W.2d 820 (Tex.Comm'n App.1930, jdgmt adopted); Maddox v. Commissioners Court of Palo Pinto County, 222 S.W.2d 475 (Tex.Civ. App.—Eastland 1949, no writ); Thomas v. McGown, 94 S.W.2d 839 (Tex.Civ.App.— Beaumont 1936, no writ).

■ The trial court in this case was without authority to act on the election contest until such time as the election process had been completed. That end will not be reached until the City Council of the City of Prairie View has canvassed the

votes cast at the municipal election held on April 6, 1974, and has certified the results thereof including the election of one of the candidates as Mayor. City of Dallas v. Dallas Consolidated Electric St. Ry. Co., 105 Tex. 337, 148 S.W. 292 (1912); Winder v. King, 1 S.W.2d 587 (Tex.Comm'n App.1928, jdgmt adopted); Stroud v. Stiff, 465 S.W.2d 407 (Tex.Civ.App.—Amarillo 1971, no writ).

The judgment of the district court is reversed and this cause is dismissed.