George WILLIAMSON et al., Appellants,

v.

Glenn KEMPF et al., Appellees.

No. 8635.

Court of Civil Appeals of Texas, Texarkana.

Nov. 28, 1978.

Rehearing Denied Dec. 28, 1978.

Doren R. Eskew, Eskew, Brady Womack & Muir, Austin, Larry Watts, Houston, for appellants.

Charles E. Thompson, Lovelace & Thompson, Inc., Atlanta, for appellees.

RAY, Justice.

This is a suit for mandamus. Appellees (petitioners), Glen Kempf, Melvin Wall and Paul Fortune, three candidates for election to the Karnack Independent School District Board of Trustees, brought suit to require the election judge, Willie Faye Jones, and the Karnack Independent School District Board of Trustees, appellants (respondents), to complete the election process. The trial court denied appellants a jury trial and proceeded to find that the required acts of the election judge and Board of Trustees were ministerial duties required by the laws of the State of Texas and not a matter of discretion. The trial court entered its judgment directing that a writ of mandamus issue commanding the election judge, Appellant Jones, to forthwith proceed to make out the returns and certify them to the president of the Board of Trustees for the use of the Board in canvassing the returns. The Board of Trustees was directed to proceed to canvass the returns, declare the results of the election and issue certificates of election to the winners.

Appellants have perfected their appeal and submit three points of error for our consideration.

Appellants complain that the trial court erred in depriving them of a jury trial; that the court erred in exercising judicial control

over incomplete election proceedings; and, that the trial court erred in compelling the completion of the political process after the election judge stated she had discovered fraud in the voting and that it would therefore be impossible for her to correctly certify the election returns.

Appellants' three points of error will be overruled and the judgment of the trial court will be affirmed.

■■■ The undisputed facts are that the Board of Trustees called a regular election to elect three members to their Board. The election was held on April 1, 1978, with Willie Faye Jones serving as the election judge. The voting was completed, the votes counted and tallied, but the election judge refused to certify the results of the election or to prepare the returns and forward them to the Board of Trustees for canvassing. The Board of Trustees held a special meeting on April 5, 1978, and voted to call a new election for April 29, 1978. The Board did not have before it the election returns for canvassing nor was April 5th the date scheduled for canvassing the returns. The regular meeting was to have been on April 6, 1978, at which time the canvassing of the returns was to be performed. There is no indication in the record that a meeting was ever held on April 6th. We think it is clear and undisputed that the election judge would not certify the results of the election, a ministerial act, and that the trial court was correct in ordering a writ of mandamus to issue compelling her to make out the returns and certify them to the school board for canvassing. The trial court did not commit any error in denying Appellant Jones a jury trial because there were no fact issues to be resolved by a jury. Appellant Jones had failed to perform a ministerial duty required by law. It is also clear that the Board of Trustees had no intention of canvassing the votes since it had already called a new election at the meeting held one day prior to the date scheduled for canvassing the returns. The evidence establishes that appellants had not performed the ministerial duties required of them. See *Crouch v.* *Stanley,* 390 S.W.2d 795, 798 (Tex.Civ.App. Eastland 1965, writ ref'd n. r. e.), cert. denied, 383 U.S. 945, 86 S.Ct. 1201, 16 L.Ed.2d 208 (1966). Appellants' first point of error is overruled.

■ Appellants' second point of error concerning the alleged exercise of control over the election proceedings or the election process by the trial court is overruled. Certain ministerial acts are required of the election judge under Articles 8.29, 8.29a, and 8.29b of the Texas Election Code and certain ministerial acts are required of the Board of Trustees under the provisions of the Texas Educ.Code Ann. Sec. 23.10. It is undisputed that the appellants did not comply with the statutory requirements relative to their ministerial duties. The trial court has the authority and power to require by writ of mandamus that the ministerial duties be performed by the election judge and the canvassing board to force the completion of the election process in accordance with the procedural statutes regulating the manner in which elections shall be conducted. An election is essentially the exercise of political power and during its progress it is not subject to judicial control other than to require the election and canvassing officials to perform their ministerial duties that have been prescribed by statute. In *Leslie v. Griffin,* 25 S.W.2d 820, 821 (Tex.Com. App.1930, opinion adopted), the court stated:

" . . . There cannot be found, either in the Constitution or in the statutes, any provision which gives any court, prior to the completion of the election, the authority to inquire as to the correctness or regularity of returns which have been made by the proper functionaries. It is understood by everyone, of course, that courts are clothed with the authority to enforce private rights; but no citizen, even though he be a candidate in the election, is given a private right to contest the returns made by the proper officials until after the election is completed. The instant case is essentially a proceeding having for its object a contest of the returns of an uncompleted election."

■ The trial court was correct in ordering the various functionaries to perform their ministerial duties in order that the election could be completed. If any of the losing candidates feel that voting irregularities or fraud has been committed during the election process, then following the completion of the election process, such dissatisfied party can file suit to contest the election, but not before the statutory requirements for the completion of the election have been met. *Leslie v. Griffin,* supra; *Sams v. Sowell,* 519 S.W.2d 526 (Tex. Civ.App. Houston-14th Dist. 1975, no writ); *Shelor v. Commissioners Court of Harris County,* 304 S.W.2d 153 (Tex.Civ.App. Fort Worth 1957, no writ); *Grant v. Ammerman,* 437 S.W.2d 574 (Tex.1969). Appellants' second point of error is overruled.

■ Appellants' point of error No. 3 is as follows:

"The trial court erred by ordering mandamus which would promote conduct violative of conscience and good faith by compelling the completion of a political process which, before completing all the discretionary functions, the judge had discovered fraud in the election to be so inextricable that it was impossible to correctly certify the election returns."

Appellants rely upon *Todd v. Helton,* 495 S.W.2d 213 (Tex.1973) as authority for this Court to revoke the writ of mandamus or instruct the trial court to revoke the writ of mandamus. We do not construe the *Todd* case, supra, to be applicable to the present case. *Todd* held that if a county judge was in fact induced by fraud to call an incorporation election by presenting to him false affidavits as to the number of inhabitants to be found in the area to be incorporated, then the county judge could revoke his order calling the election and no mandamus would issue to make him canvass the votes after an election was held subsequent to his order revoking the calling of the election. The *Todd* case is a very narrow exception to the general rule that once the election process starts, it must be completed before it can be contested. However, in *Todd,* the law imposed upon the county judge the duty of determining whether the incorporated area contained the necessary number of inhabitants to be incorporated and his decision on that matter is conclusive. The holding was limited to an incorporation election where the county judge has the duty to determine that the area contains the requisite number of inhabitants before calling the election and that if he is induced to call the election by fraud and false affidavits, then he may rescind his order and will not be compelled to canvass the votes following an election held after he rescinded his order calling such election. We think it important to note that no voting had taken place before the court discovered the fraud and revoked the election order.

In the present case the election had not only been called, but had been held and all votes had been cast and counted. No discretion is lodged in the election judge to decide, after the voters had voted, that the returns will not be certified to the canvassing board. A court of law, at that stage, is the only authorized authority or tribunal which may decide whether voting fraud occurred or not, and only then in an election contest prescribed by statute. *Grant v. Ammerman,* supra; *Shelor v. Commissioners Court of Harris County,* supra; *Sams v. Sowell,* supra; and *McLemore v. Stanford,* 176 S.W.2d 770 (Tex.Civ.App. Dallas 1943, no writ).

Appellants' third point of error is overruled.

The judgment of the trial court is affirmed.