Honorable Robert LOZANO, Individually and as Judge San Antonio Municipal Court; Van Henry Archer, Individually and as City Councilman of the City of San Antonio and City of San Antonio, A Municipal Corporation, Appellants,

v.

Richard ACEVEDO, Tom Guardia, Kevin Lindsey and Warren Steven, Appellees.

No. 04–81–00247–CV.

Court of Appeals of Texas, San Antonio.

Oct. 26, 1983.

Crawford B. Reeder, First Asst. City Atty., San Antonio, for appellants.

Peter Torres, Jr., San Antonio, for appellees.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal from the issuance of a writ of mandamus by the County Court at Law, ordering a municipal judge not to require a personal appearance of the principal as a condition precedent to approving an appeal bond to a county court at law. We affirm in part and reverse and render in part.

The controversy arose when the Honorable Robert Lozano issued a directive to all municipal court judges of the City of San Antonio requiring a defendant to be present in court when a plea of guilty or *nolo contendere* was entered for the purpose of appealing the case to county court.

Appellees, Kevin Lindsey and Warren Steven, were cited for misdemeanor moving violations (speeding and running a red light). They appeared through their attorneys, Richard Acevedo and Tom Guardia (also appellees herein) and entered pleas of guilty. When appeal bonds were tendered to appellant, Judge Lozano, he refused to approve the bonds because neither defendant appeared in person.

Subsequently, appellees sought a writ of mandamus and other relief from the county court at law. After a hearing, an order was issued, the pertinent parts of which state:

. . . and that a Writ of Mandamus should issue to compel the Defendant, HONORABLE ROBERT LOZANO, in his capacity as Presiding Judge of the Municipal Courts of the City of San Antonio, Defendant herein, to approve the appeal bonds of Plaintiff, Steven Warren, pending in the San Antonio Municipal Court under Case No. P 796734, and the appeal bond of KEVIN LINDSEY under Case No. P 812771, and that said appeal bonds should be approved as of June 29, 1981, and that such approval is mandated without the necessity of a personal appearance by the said STEVEN WARREN and KEVIN LINDSEY . . . .

. . . in order to preserve this Court's appellate jurisdiction and in order to prevent a multiplicity of suits;

IT IS, ACCORDINGLY, ORDERED AND DECREED by this Court that the Defendant, HONORABLE ROBERT LOZANO, in his capacity as Presiding Judge of the Municipal Courts of the City of San Antonio, Defendant herein, not require the personal appearance of a Defendant, as a condition of approving an appeal bond to this Court nor require the appearance of a Defendant on a plea of guilty or nolo contendere as a condition of approving an appeal bond to this Court, and the said HONORABLE ROBERT LOZANO, in his capacity as Presiding Judge of the Municipal Courts of the City of San Antonio, Defendant herein, is accordingly enjoined from interfering with the jurisdiction of this Court in the aforesaid manner.

IT IS FURTHER ORDERED that all Appeal Bonds herefore presented for approval to the said HONORABLE ROBERT LOZANO, in his capacity as Presiding Judge of the Municipal Courts of the City of San Antonio, which have not been approved because the Defendant did not personally appear and which otherwise comply with the necessary prerequisites required by law for an appeal bond, be approved by him as of the date presented, and in the event of an appeal or other action seeking to nullify or overturn this Order, the said HONORABLE ROBERT

LOZANO, in his capacity as Presiding Judge of the Municipal Courts of the City of San Antonio, is further enjoined from issuing any warrants of arrest or other Writs seeking to take into custody any of the Defendants whose appeal bonds have not been approved as a result of not personally appearing before the said HONORABLE ROBERT LOZANO.

Appellant, in four points of error, contends that the county court at law went beyond its jurisdiction in the issuing of such a broad order. The particular language complained of in the order is:

(1) That Judge Lozano "not require the personal appearance of a Defendant, as a condition of approving an appeal bond";

(2) That Judge Lozano not "require the appearance of a Defendant on a plea of guilty or nolo contendere as a condition of approving an appeal bond";

(3) That "all Appeal Bonds herefore presented for approval to the said HONORABLE ROBERT LOZANO ... which have not been approved because the Defendants did not personally appear and which otherwise comply with the necessary prerequisites required by law for an appeal bond, be approved by him"; and

(4) That Judge Lozano "is further enjoined from issuing any warrants of arrest or other writs seeking to take into custody any of the Defendants whose appeal bonds have not been approved as a result of not personally appearing...."

■ The power of a county court to issue writs of mandamus and injunctions is based on TEX. CONST. art. V, § 16, which states in part that the "County Court, or judge thereof, shall have power to issue writs of injunction, mandamus and all writs necessary to the enforcement of the jurisdiction of said Court...." It has been held that this section enables a county court to mandamus a justice court to approve an appeal bond. *Fry v. McDuffey*, 46 S.W.2d 377 (Tex.Civ.App.—Austin 1932, no writ). This power enables the county court to enforce and protect its jurisdiction by removing impediments to appeals created by the lower court. As to appellants Lindsey and Steven, the order was entirely proper and valid as a method of removing an impediment to their respective appeals. *Fry, supra*. The remainder of the order, however, is too broad. A county court's mandamus power is limited to that which is necessary to enforce its jurisdiction. *City of Beaumont v. West*, 484 S.W.2d 789 (Tex.Civ.App. —Beaumont 1972, writ ref'd n.r.e.). This power does not extend to potential jurisdiction. *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59 (1958); *City of Beaumont, supra* at 792. The above quoted portions of the order, except as it relates to defendants (appellants) Lindsey and Steven, speak to the court's potential jurisdiction.

■ Appellee contends the order does not relate to the County Court's potential jurisdiction because (1) the mandamus action was a class action and (2) attorneys Acevedo and Guardia have standing as members of the class by virtue of their practice in municipal court. Nowhere in the record is an order certifying this as a class action. Pleadings alone are not sufficient to create a class action and failure to comply with the mandatory provisions of TEX.R.CIV.P. 42 prevents anyone other than appellees Lindsey and Steven from benefitting from the court's order. *Harden v. Colonial Country Club*, 634 S.W.2d 56 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Duncan v. Dripping Springs Independent School District*, 612 S.W.2d 644 (Tex.Civ.App.—Austin 1981, no writ); TEX.R.CIV.P. 42.

We hold that the court's order, with the exception of that portion which deals directly with Kevin Lindsey and Warren Steven, is beyond the jurisdiction of the county court at law and is unenforceable.

The writ of mandamus compelling the municipal judge to approve the bonds of Kevin Lindsey and Warren Steven is affirmed, and the remaining portion is dismissed for want of jurisdiction.