**Jim SCOTT, Justice of the Peace Precinct No. 4 Fort Bend County, Texas, Appellant,**

v.

**Mark W. CLARK, Appellee.**

No. 01–84–0482–CV.

Court of Appeals of Texas, Houston (1st Dist.)

May 16, 1985.

Michael Maness, Houston, Larry D. Wagenbach, Richmond, for appellant.

Marshall Davis Brown, Jr., Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

ON REHEARING

Upon consideration of appellant's motion for rehearing, our prior opinion in this matter is withdrawn and the following substituted. This is an appeal from a writ of mandamus issued by the County Court at Law of Fort Bend County directing appellant to accept a timely presented but not timely filed appeal bond from appellee.

Appellee was convicted of a moving traffic violation by appellant, who set an appeal bond at $200. The record reflects that on March 1, 1984, the last day for filing an appeal bond, appellee notified the clerk in appellant's office by phone that he, appellee, was on his way to that office with an appeal bond. Appellee traveled by automobile from Houston to Richmond, arrived at appellant's office at approximately 3:30

p.m., and found the office closed. Upon returning to the office a second time later that day, appellee again found the office locked. Consequently, appellee was not able to timely file the appeal bond.

On March 5, 1984, appellee mailed the bond to appellant for filing. Appellee was advised that the bond was not timely filed and would not be accepted. Appellee then instituted a mandamus action in the county court at law to compel appellant to accept the bond. The trial court granted the writ and appellant appealed, asserting seven points of error. In its original opinion, this court affirmed the trial court's judgment and appellant filed a motion for rehearing.

County courts have the power to issue writs of mandamus when necessary to enforce their jurisdiction. Tex. Const. art. V, sec. 16. This has been interpreted to mean that such authority is limited to protecting the court's jurisdiction. *City of Beaumont v. West,* 484 S.W.2d 789 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). However, it has also been held that this section enables a county court to mandamus a justice court to approve an appeal bond because this removes impediments to appeals created by the lower court and therefore protects the county court's jurisdiction. *Lozano v. Acevedo,* 659 S.W.2d 919 (Tex. App.—San Antonio 1983, no writ); *Fry v. McDuffey,* 46 S.W.2d 377 (Tex.Civ.App.—Austin 1932, no writ).

█ Where the justice court refuses to accept an appeal bond, the party seeking to file the bond may apply to the county court for a writ of mandamus. *Fry v. McDuffey,* 46 S.W.2d 377; Tex. Const. art. V, sec. 16; *see also Dexter v. Crosslin,* 230 S.W.2d 383 (Tex.Civ.App.—Dallas 1950, writ ref'd n.r.e.). The proper procedure for contesting such a writ by the county court is by appeal to the court of appeals. *See Lozano v. Acevedo, supra.*

Appellant asserts in his first point of error that this court erred in affirming the issuance of a writ of mandamus because appellee failed to demonstrate that he had a right to compel the filing of the bond and

that appellant was under a duty to accept it.

The party requesting a writ of mandamus has the burden of establishing that a legal right to such relief exists, and that there is a clear legal duty on the part of the respondent to perform the requested action. *Rash v. City Council,* 557 S.W.2d 324 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). The record is reviewed by the appellate court in light of this burden.

The findings of fact state that when appellee arrived at appellant's office at 3:30 p.m., the office was closed. When appellee returned between 4:30 p.m. and 5:00 p.m. the office was still closed. The record reflects that March 1, 1984, was not a holiday on which it could or should have been known that local courts would be closed. In *Grajeda v. Charm Homes, Inc.,* 614 S.W.2d 176 (Tex.Civ.App.—El Paso 1981, no writ), the court held that where the courthouse was closed on January 2, 1981, and the appeal bond could not be timely filed on that last day for filing, there was not a sufficient showing that an appeal bond was timely tendered. The court therefore denied appellant's claim that such bond should be accepted for filing. However, the testimony in the present case indicates that appellant's office did not ordinarily close at 3:30 p.m., and that appellee timely attempted to present the appeal bond. Additionally, the record reflects that appellee relied to his apparent detriment upon representations by appellant's staff that appellant's office would be open to accept the bond.

Since the appellee attempted twice to file his appeal bond during working hours at appellant's office and that office was closed, the county court was entitled to conclude that the premature closing of the office was the sole cause of the appellee's failure to timely file an appeal bond. Furthermore, the duty imposed on the clerk of a court is to file such papers as are tendered for filing and to place no obstruction in the paths of parties attempting to make filings. *Standard Fire Insurance Co. v.*

*LaCoke,* 585 S.W.2d 678, 681 (Tex.1979). The county court was entitled to conclude that the justice court's closing its doors during what were its own regular business hours, according to the evidence, was an obstruction to a party attempting to file papers in the case.

This court does not dictate the hours during which a justice of the peace or his staff must conduct business. However, we do not find that the county court abused its discretion by granting a writ of mandamus where a citizen timely attempts to present an appeal bond for filing but is prevented from doing so because neither the justice of the peace nor any staff member was available to accept the bond on a day not considered to be a legal holiday. Appellant's first point of error is overruled.

Appellant contends in his second point of error that this court erred by affirming the issuance of the writ because appellee failed to demonstrate that appellant had a clear legal duty to act. He argues that the acceptance of such an untimely appeal bond in a criminal case is not a purely ministerial function. This court recognizes that a mandamus proceeding must involve the performance of a purely ministerial action. *Cobra Oil & Gas Corp. v. Sadler,* 447 S.W.2d 887 (Tex.1968). However, the issue at bar concerns a timely attempt to present an appeal bond, thwarted by the untimely closing of the justice court office. The justice court's acceptance for filing of a timely presented appeal bond is a purely ministerial function and is therefore a proper subject for mandamus. *See Fry v. McDuffey,* 46 S.W.2d 377. Appellant's second point of error is overruled.

Appellant's third point of error again asserts that no timely appeal bond had been tendered and that the county court therefore never acquired jurisdiction over the matter.

However, the record indicates that appellant's normal office hours are 8:30 a.m. to 5:00 p.m., Monday through Thursday; that appellee arrived at appellant's office at ap-

proximately 3:30 p.m. on Thursday, March 1, 1984, and found the office locked and apparently unoccupied; that appellee then traveled to the Fort Bend County Courthouse in Richmond to locate appellant's clerk, but was unable to do so; that he complained to an Assistant District Attorney who initialed the bond; and that he returned prior to 5 p.m. to appellant's office, where he again found the office closed. Under the facts shown, we cannot conclude that the trial court erred in finding that appellee's efforts to present his bond constituted a timely tender of the appeal bond.

 Appellant asserts through his fourth point of error that this court erred in not reversing the case as he was denied a trial by jury in the mandamus proceedings. Appellant states that he paid the jury fee and requested trial by jury prior to the commencement of the hearing on the petition for mandamus.

 In a case where mandamus is sought on the ground that a public official has failed to perform a ministerial duty, there is no right to a jury where there are no fact issues to be resolved by the jury. *Williamson v. Kempf,* 574 S.W.2d 845 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); *see Wolf v. Petty,* 414 S.W.2d 539 (Tex.Civ.App.—Fort Worth 1967, no writ). Moreover, the denial of a jury is harmless where the facts are undisputed. *Phillips v. Latham,* 551 S.W.2d 103 (Tex.Civ.App.—Waco 1977, writ dism'd). In the present matter, the statement of facts presented by appellant clearly shows that the last day for filing the appeal bond was March 1, 1984, and that appellant's clerk testified that she was told by appellee that he would file the bond. The findings of fact further specify that appellee twice attempted to present the bond to the appellant's office for filing during appellant's normal business hours but was unable to file it because appellant and his court personnel had prematurely closed the office. The facts leading up to this appeal are undisputed and supported by the record. Appellant requested neither additional or amended findings of fact, nor did he request that the court supply omitted findings. Appellant's fourth point of error on rehearing is overruled.

 Appellant asserts through his fifth and sixth points of error that there was no evidence to support the findings of fact that appellant was aware that appellee was bringing his appeal bond to him for filing or that he acted to deny appellee access to the appellate court. However, the record indicates that appellant or his clerk was informed that appellee was bringing the bond to appellant's office and there are no objections to the supporting findings of fact. Appellant's final points of error are therefore overruled.

, Appellant's motion for rehearing is overruled.

The judgment and order granting the writ of mandamus are affirmed.